YARRUT, Judge.
The Relators-Appellees brought this quo warranto and mandamus proceeding against Pioneer Petroleum Corporation, James R. Mary, Diane C. Hill, Mr. Mary’s nominee, and one John Doe, alleging they were stockholders and officers of Pioneer Petroleum Corporation and had been wrongfully ousted from office by Defendants; that 1000 shares of the corporate stock had been sold to Roy T. Boteler, who was not made a party to the proceedings, and that the stock ownership of Pioneer Petroleum Corporation was:
300 shares owned by James R. Pertuit
100 shares owned by Yola A. Pertuit
600 shares owned by Diane C. Hill, the nominee of James R. Mary
1000 shares owned by Roy T. Boteler
In September, 1965, James R. Mary, as President and sole stockholder of Petroleum Oil and Gas Corporation, Inc. and the Corporation itself, entered into an employment contract with James R. Pertuit, attorney, which provided that, as consideration for Pertuit’s services to be rendered in recovering certain properties belonging to the Corporation, he would be given an undivided 40% interest in Pioneer Oil and Gas Corporation, with James R. Mary and Pioneer Oil and Gas Corporation retaining the remaining 60% interest. By counter-letter it was agreed Pertuit would transfer the interest conveyed to him to any corporation designated by Mr. Mary, provided Mr. Per-tuit would receive not less than a 40% stock ownership in the second corporation.
Pursuant to this agreement, another corporation, Pioneer Petroleum Corporation *288 (the one at issue here), was formed by Per-tuit and Mary and capitalized at 100,000 shares with a value of $1.00 per share with the interest of Pertuit being 40%, and Mary’s 60%. Of the 100,000 shares authorized, 1000 were actually issued: 300 to Pertuit, 100 to Yola A. Pertuit, and 600 shares to Diane C. Hill, the nominee of Mary. On December 20, 1965, Pertuit, as President of the Corporation, called a meeting of the Board of Directors to consider the transfer of 1000 shares of stock to Roy T. Boteler at $1.00 a share. The Relators-Ap-pellees allege that Diane C. Hill attended the meeting but abstained from voting; that they themselves voted for a resolution conveying 1000 shares of stock to Roy T. Boteler at $1.00 per share, which was 50% of the issued stock; that it was further agreed no further issue of stock would be made unless Boteler was given a pro rata share, i. e., 50%. Diane C. Hill contends that, although such a resolution was discussed at the meeting, it was nver put to a vote. On December 27, 1965, Pertuit executed an instrument in conformity with the alleged resolution and was given a check by Boteler for $1,000 which was deposited in the account of the Corporation. However, no stock certificate was ever issued to Boteler.
Subsequently, on January 11, 1966, Mary ■called a meeting of the stockholders at which Mr. and Mrs. Pertuit were removed as officers and directors; and Mary and Diane 'C. Hill were elected President and Secretary, respectively. The transfer of 1000 ■shares of stock to Boteler was set aside.
This suit was then filed by the Pertuits. However, prior to the trial, a stipulation was ■entered into by the parties in which it was agreed the meeting of January 11, 1966, ■called by Mary, would be declared invalid, and the case be submitted to the court to determine the stock ownership. The stipulation recited in open court by the Trial Judge was as follows:
“The parties hereto have and do agree and stipulate that this Court will render a judgment declaring any previous election of officers and Board of Directors of this corporation to be null and void, and that this Court will further render a judgment ordering that a meeting of the stockholders of this corporation be held for the purposes of electing a Board of Directors, and that a meeting of the Board of Directors be held for the purposes of electing proper officers. The stockholders who are to be notified of that meeting are to be stockholders of record.

“It is further stipulated by and between the parties that this Court shall determine from the evidence to be adduced who are the proper stockholders of record to be notified of the meeting.”

Thus the only issue before the Trial Court was who owned the shares of stock. In its judgment the Court recognized the following as shareholders, and the shares owned by each :
James R. Pertuit 300 shares
Yola. A. Pertuit 100 shares
James R. Mary 600 shares
Roy T. Boteler 1000 shares
As was noted previously, Mr. Bote-ler was never made a party to this suit, notwithstanding the stipulation that the only issue before the court is the ownership of stock in a corporation of which, he, Boteler, allegedly owns 50%. Since his stock ownership may be affected as a result of this litigation, it is clear that Mr. Boteler is an indispensable party to these proceedings. LSA-C.C.P. Art. 641 defines an indispensable party as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
*289 “No adjudication of an action can be made unless all indispensable parties are joined therein.”
Mr. Boteler’s interest might be adversely affected by any judgment rendered herein, so that an equitable and final adjudication of the pending controversy can not be made unless he is joined herein. If Mr. Boteler is not made a party to this suit, he cannot be bound by these proceedings.
However, it is contended that Boteler is a party through Mr. Pertuit, his alleged agent. LSA-C.C.P. Art. 694 provides inter alia:
“An agent has the procedural capacity to sue to enforce a right of his principal, when specially authorized to do so.”
The only evidence indicating any principal-agent relationship between Mr. Boteler and Mr. Pertuit is the following:
“Q. Do you hold Mr. Boteler’s proxy for this alleged stock?
“A. As to the thousand shares of stock?
“Q. As to the alleged thousand shares of stock.
“A. Yes.”
 Giving one a proxy to vote his shares of stock at a meeting of the corporation is limited to that restricted authority, and does not constitute the proxy holder an agent to bring or defend a suit in behalf of the owner involving the ownership of such shares.
Significantly, Mr. Pertuit did not allege he was suing as an agent of Mr. Boteler, only that he and his wife were appearing solely in their own behalf as stockholders.
According to LSA-C.C.P. Art. 927, the preemptory exception of nonjoinder of an indispensable party may be noticed by either the trial or the appellate court on its own motion. It is proper, under such circumstances, to remand the case to permit the joining of the indispensable party. See Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65 and the cases cited therein.
Accordingly, the judgment appealed from is annulled and set aside, and the case remanded in order to permit the joining of Roy T. Boteler as a party. Each party is to pay his own costs on appeal; the taxation of other costs to await the final determination of the case.
Judgment annulled and case remanded.