CUTRER, Judge.
Plaintiffs, Boyce J. Trahan and Radio Station KVOL instituted this action seeking a determination of whether certain documents held by the City of Lafayette were public records subject to inspection. Made defendants were Robert P. Larivee, Chief Administrative Officer for the City of Lafayette, and Kenneth F. Bowen, Mayor of Lafayette. A separate action was filed by the City of Lafayette against Trahan and Radio Station KVOL seeking a declaratory judgment on the matter. Both actions were consolidated for trial. From a trial court judgment in favor of the city and its officials decreeing that the documents were not subject to public inspection, Trahan and Radio Station KVOL appeal. Pursuant to the requirements of LSA-R.S. 44:35, this appeal was given preference status.
The issue before the court is whether performance evaluation reports of the directors of various departments of the City of Lafayette are public records subject to examination under Louisiana’s Public Records Law (LSA-R.S. 44:1, et seq.).
The facts of this case are not in dispute. The City of Lafayette has implemented a policy of employee performance ratings. Since April 1, 1975, substantially all city employees below the director level in the various city departments have been rated from time to time. In the latter half of 1977, a similar performance rating was prepared on all city directors, including the Director of Administration, Director of Public Works, Director of Utilities, Fire Chief, Police Chief, Director of Community Affairs, and Director of Community Development. This evaluation was conducted pursuant to the direction of the mayor with the chief administrative officer serving as the rater. On January 6,1978, Trahan, who is vice president and general manager of KVOL, gave Larivee, who is custodian of the records, written notice of Trahan’s and KVOL’s intent to request access to the evaluation reports on the department directors. Larivee refused to deliver the reports to Trahan on January 10, 1978, but advised Trahan that access would be granted provided that Trahan secured written consent from each individual director. All but one of the city directors refused to give Trahan consent to review the reports. Larivee refused to turn over the documents a second time. From this latter refusal, litigation ensued.
One of the questions raised in this appeal is whether the evaluation reports fall within the intended coverage of the public records act. Specifically, the City of Lafayette urges that Art. 1, § 5 of the Louisiana *331 Constitution of 1974[1] contains a built-in exemption to the public records laws and that disclosure of the documents in question would seriously infringe on the privacy of the city employees.
We note that none of the city directors were made parties to this consolidated action even though it is argued that disclosure of these reports would invade the privacy of these city employees. LSA-C.C.P. Art. 641 contains the following definition of indispensable parties:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
Since the rights of the various city directors are so interrelated and would be affected as a result of this litigation, we feel that these persons are indispensable parties to the proceedings.
LSA-C.C.P. art. 927 states that the non-joinder of an indispensable party may be noticed by either the trial or appellate court on its own motion. It is proper, under such circumstances, to remand the case to permit the joining of the indispensable parties. See Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65 (La.1952) and the cases cited therein; State of Louisiana ex rel. Pertuit v. Pioneer Petroleum Corporation, 193 So.2d 286 (La.App. 4th Cir. 1966) writ refused 250 La. 271, 195 So.2d 148 (1967).
For the reasons assigned, the judgment appealed from is reversed and set aside. This case is remanded to the district court for the joinder of all the various city department heads as indispensable parties to this suit, said parties to be joined within 15 days after this judgment becomes final, or in default thereof, these proceedings will be dismissed. After the case is remanded, and in the event all these city directors are joined as parties, proceedings may continue in the district court in accordance with law and the views expressed herein, it being specifically directed that each party shall have the right to file pleadings and to introduce new admissible evidence on the issues. All costs incurred in the district court to date, as well as the costs incurred after this case is remanded, shall be determined and assessed by the district judge in his discretion. All costs of this appeal are assessed equally between appellants and appellees.
JUDGMENT REVERSED AND CASE REMANDED.

. Art. 1, § 5 of the 1974 Constitution provides:
“Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.”