442 So.2d 587 (1983)
TERRA DEVELOPMENT CORPORATION
v.
SOUTHLAND DRAGWAY, INC.
No. 83 CA 0134.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Writ Denied January 27, 1984.
*588 Robert Prejeant, Houma, for plaintiff and appellant.
Peter Frank Liberto, New Orleans, for defendant and appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for a declaratory judgment by a lessee of immovable property against a prior lessee of the same property seeking to terminate and cancel the prior recorded lease. The trial court refused to cancel the first lease and the second lessee took this suspensive appeal.

FACTS
On August 31, 1968, Dennis Falterman leased a tract of land containing approximately 114 acres located in Terrebonne Parish, Louisiana, to Delta Marine Engineering, Inc. (Delta). The written lease agreement is recorded in the conveyance records of Terrebonne Parish. On March 26, 1970, Delta assigned the lease to Southland Dragway, Inc. (Southland). This written assignment agreement is recorded in the conveyance records of Terrebonne Parish.
On February 23, 1979, Falterman leased the property which was the subject of the Delta-Southland lease and another tract of land not pertinent to these proceedings to Terra Development Corporation (Terra). This written lease agreement is recorded in the conveyance records of Terrebonne Parish. Terra filed this suit alleging that the lease between Falterman and Southland terminated on August 31, 1978, because Southland failed to timely exercise the option to renew the lease for the period commencing September 1, 1978. Falterman was not made a party plaintiff or defendant in this suit.

FAILURE TO JOIN INDISPENSABLE PARTY
An indispensable party to an action is one whose interest in the subject matter is so interrelated that a complete and equitable adjudication of the controversy cannot be made unless he is joined in the action. La.C.C.P. art. 641. A party is deemed indispensable only when that result is absolutely necessary to protect substantial rights. State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973). The failure to join an indispensable party may be noticed by an appellate court on its own motion. La.C.C.P. arts. 645 and 927. When a party seeks declaratory relief, "all persons shall be made parties who have or claim any interest which would be affected by the declaration, ...". La.C.C.P. art. 1880.
A lease is a contract by which one party (the lessor) gives to another the enjoyment of a thing, and the other (the lessee) agrees to pay a fixed price for that right. La.C.C. art. 2669. Because of the nature of the lease contract, the lessor has certain obligations (La.C.C. art. 2692 et *589 seq.) and the lessee has certain obligations (La.C.C. art. 2710 et seq.). The obligations assumed by the lessor and lessee in the Delta-Southland lease are different from those assumed in the Terra lease. The Delta-Southland lease has a primary term of two years with options of renewal for two year and five year periods. If all options are exercised, the lease would remain in effect until August 31, 2008. The rental during the first year of this lease was $350 per month. This rental was increased each year by $50 per month until 1978, at which time the monthly rental was to be determined by the consumer price index in effect at that time using $833.33 as the base figure. This lease covered approximately 114 acres.
The Terra lease has a primary term of two years commencing on February 1, 1979. The lessee has the option of renewing the lease for two and ten year periods which, if exercised, would maintain the lease in effect until January 31, 2069. During the first three years of the lease, the rental was $1,000 per month. During the fourth through the tenth years of the lease, the rental is $1,750 per month. Commencing with the eleventh year of the lease, the rent is to be determined by the consumer price index in effect at that time using $1,500 as the base figure. This lease covers the same 114 acres covered by the Delta-Southland lease and a second tract of land for which acreage is not given.
Falterman (as lessor) has substantial rights in the Delta-Southland lease. The rights of Falterman, as well as those of Southland, must be terminated to cancel this lease. A complete and equitable adjudication of this controversy cannot be made unless Falterman is joined as a party. Therefore, Falterman is an indispensable party. Cf. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727 (1966).
In addition, pursuant to La.C.C.P. art. 1876, a court may refuse to render declaratory relief where such relief, if rendered, would not terminate the controversy giving rise to the proceeding. Since Falterman is not a party to these proceedings, any judgment by this court would not bar him from instituting a new action to determine his legal relationships with Southland and/or Terra. La.C.C. art. 2286; La.C.C.P. art. 1880. Cf. R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980). The record indicates that Falterman is owner of 20% of the stock of Terra. In this posture, it is not unreasonable to assume that if we were to affirm the trial court's action upholding the Delta-Southland lease Falterman individually as lessor would institute a separate suit to attempt to cancel it.
Since La.C.C.P. art. 641 provides that no adjudication of an action can be made unless all indispensable parties are joined therein, the appropriate action to be taken when an appellate court notices the absence of an indispensable party is to remand the case to the trial court for the joinder of the indispensable party and a retrial of the case. Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied 433 So.2d 162 (La.1983); Edmonson v. Abell, 423 So.2d 100 (La.App. 1st Cir. 1982).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. This case is remanded to the trial court for the purpose of joining Dennis Falterman as an indispensable party to these proceedings and for a retrial of the case. The appellant is cast for all costs of this appeal.
REVERSED AND REMANDED.