540 So.2d 1178 (1989)
Dan HATFIELD, Mike Dunne and Capital City Press
v.
Bryan BUSH.
CA 88 1647.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
*1179 Frank M. Coates, Jr., Baton Rouge, for plaintiffs-appellees Dan Hatfield, Mike Dunne and Capital City Press.
Sam D'Amico, Anthony J. Marabelle, Baton Rouge, for defendant-appellant Bryan Bush.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This is an action by members of the news media against a custodian of alleged public records seeking to compel production of the leave records of certain public employees pursuant to La.R.S. 44:35.[1] The record custodian filed two peremptory exceptions; one raised the objection of nonjoinder of indispensable parties[2] and the other raised *1180 the objection of no cause of action.[3] The exceptions were referred to the merits. After a hearing, the trial court overruled the exceptions, rendered judgment in favor of the media, and issued a writ of mandamus to the custodian to produce the records. The custodian took this suspensive appeal. The media answered the appeal seeking attorney fees and costs[4] and damages for frivolous appeal.[5]

FACTS
Plaintiffs herein are Mike Dunne, a reporter for the Baton Rouge Morning Advocate; Dan Hatfield, the city editor for the Morning Advocate; and the Capital City Press. On May 17, 1988, Mike Dunne, on his own behalf and apparently on behalf of the other plaintiffs, asked Bryan Bush, the District Attorney (DA) for the Nineteenth Judicial District Court, Parish of East Baton Rouge, to make available to him all records pertaining to the personnel leave of all employees of his office requested and/or taken between February 15 and April 15, 1988. This request was denied in a letter dated June 6, 1988, from the Chief Administrative Officer for the DA addressed to Mike Dunne which provided, in pertinent part, as follows:
Also, you requested all documentation regarding personnel leave of all employees requested or taken between February 15th and April 15, 1988, and in view of the constitutional rights of the privacy of employees as protected by the Louisiana Constitutional [sic], Article 1, Section 5, your request for employee records must be declined.
See Webb v. City of Shreveport, 371 So.2d 316 (La. 2 Cir.1979) writ denied 374 So.2d 657 and Katz v. United States, 389 U.S. [347, 88 S.Ct. 507, 19 L.Ed.2d 576] (1972[1967]).
This suit was filed on June 20, 1988.

FAILURE TO JOIN INDISPENSABLE PARTIES

(Assignment of Error Number 3)
The DA asserts the trial court committed error by overruling his objection of nonjoinder of an indispensable party because "the individual employees [of the DA's office] each had their own constitutional right to privacy to be asserted in this matter and they are the proper parties to do so as opposed to their employer, the District Attorney", citing La.C.C.P. art. 641, La.R.S. 44:11, and Trahan v. Larivee, 359 So.2d 329 (La.App. 3rd Cir.1978).
La.C.C.P. art. 641 provides as follows:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
A party is indispensable when his joinder in the litigation is absolutely necessary to protect substantial rights. Terra Development Corporation v. Southland Dragway, Inc., 442 So.2d 587 (La.App. 1st Cir. 1983), writ denied, 444 So.2d 1225 (La. 1984). When an appellate court finds a failure to join an indispensable party, it should remand the case to the trial court for the joinder of the indispensable party and a retrial of the case. Terra Development Corporation, 442 So.2d at 589. To determine if the DA's employees who filed the leave requests sought herein are indispensable parties, we must determine (1) whether their interest in this suit is so interrelated with the suit that they would be directly affected by the judgment herein, (2) whether an equitable adjudication of the controversy can be made without joining them in the action, and (3) whether their joinder is absolutely necessary to protect a substantial right.
*1181 Filed in evidence[6] as Court Exhibit 1 are the pertinent employee leave requests and a blank leave request form. The blank leave request form shows that a DA employee who wants leave must submit the following information: (1) name; (2) dates absent from work; (3) type of leave request, that is, (a) annual leave, (b) SRCC[7] compensatory time, (c) sick leave, (d) leave without pay with an explanation of the reason therefor, and (e) other type of leave with an explanation of the reason therefor; and (4) an emergency address comprised of street, city, state, zip code and telephone number. Annual leave, SRCC compensatory time and sick leave requests require a time verification. (A copy of this form is attached to this opinion as Appendix A.)
La. Const. of 1974, art. 12, § 3, provides as follows:
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
This constitutional provision is implemented by the Louisiana Public Records Law found in Chapter 1 of Title 44 of the Revised Statutes. La.R.S. 44:1-41. In Title Research Corporation v. Rausch, 450 So. 2d 933, 936 (La.1984), appears the following:
The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const. art 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Id. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights.
La.R.S. 44:11, as amended by Acts 1987, No. 371, provides as follows:
Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
(1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
(2) The home telephone number of the public employee where such employee has requested that the number be confidential.
(3) The home address of the public employee where such employee has requested that the address be confidential.
The home telephone number and home address of a DA employee are confidential if the employee has requested them to be so. The DA's leave request form requires an employee to put down an address and a telephone number where he can be reached in an emergency. If the emergency address and telephone number are the same as the home address and telephone number, that information is confidential if the employee has so requested. Thus, La.R.S. 44:11 confers a statutory right in favor of a DA's employee (and any other public employee) to choose whether or not to permit his home address and telephone number to be subject to discovery by the public. This is a substantial right.
The right of the DA's employees to keep their home addresses and telephone numbers confidential will be directly affected by a judgment directing the DA to produce for public inspection the leave request forms which may contain this information. An equitable adjudication of the issue of the confidentiality of the leave records of the DA's employees cannot be made without joining these employees in this action because only these employees can claim *1182 confidentiality for these portions of the records or waive it. The joinder is absolutely necessary to protect this right of the DA's employees because, if they are not joined, they could (and did in the trial court judgment herein) lose this right without having their day in court.
The DA's employees have a right to privacy which, if violated, is actionable under La.C.C. art. 2315. Parish National Bank v. Lane, 397 So.2d 1282 (La.1981); Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979). They also have a right to privacy, pursuant to La. Const. of 1974, art. 1, § 5,[8] at least insofar as they are protected from governmental invasions of privacy. Jaubert, 375 So.2d at 1387-1388 n. 2. In the instant case, the right of the media to have access to records kept by a public official conflicts with the right of the DA's employees to privacy. The method for resolving this conflict is discussed in Plaquemines Parish Commission Council v. Delta Development Company, Inc., 472 So.2d 560, 567-568 (La.1985), as follows:
Two classes of defendants claim, against the rights of the public and press, a right to preservation of their privacy: those defendants who were public officials and those who were not. Public officials "are not wholly without constitutionally protected privacy rights in matters of personal life unrelated to any acts done by them in their official capacity." Nixon v. Administrator of General Services, 433 U.S. 425, 457, 97 S.Ct. 2777, 2797, 53 L.Ed.2d 867 (1977). However, public officials do, by virtue of undertaking public office, surrender "the privacy secured by law for those who elect not to place themselves in the public spotlight."
. . . .
This court has defined the limits of the right to privacy: "the right of privacy is not absolute; it is qualified by the rights of others ... The right of privacy is also limited by society's right to be informed about legitimate subjects of public interest." Parish National Bank v. Lane, 397 So.2d 1282, 1286 (La.1981).
Thus the courts have affirmed a constitutional right of the press to access to information and freedom to publish it, even when balanced against the right of individuals to privacy. When legal rights and juridical values come into conflict, a court must attempt to balance the competing interests to achieve a harmonious result, as did the United States Supreme Court in Seattle Times Co. v. Rhinehart, [467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) ] supra. It held that First Amendment interests must be balanced against privacy interests on a case by case basis.
Further, in Webb v. City of Shreveport, 371 So.2d 316, 319 (La.App. 2nd Cir.), writ denied, 374 So.2d 657 (La.1979), wherein it was held that the names and addresses of public employees were not protected by the right to privacy, appears the following:

Public employment obviously is not private employment. The employee of a municipality is the agency, individually or collectively, through which the municipality functions and by which the public identifies the municipality. A public body or municipality does not exist or function simply in its physical facilities but in the life and breath of the public officers and employees who perform their duties of rendering some service to the public. Indeed, the words private and public are antonymous, although some private facts about a public employee, as in Trahan, do reach constitutional dimensions.
Federal authorities which have considered constitutional claims of privacy against disclosure, sometimes called "disclosure privacy", generally set forth the requirement that the claimant must establish that he has (subjectively) an expectation of privacy against disclosure and that the expectation is (objectively) legitimate or reasonable. *1183 (La.R.S. 44:11 appears to partially overrule the Webb holding.) In Trahan v. Larivee, 365 So.2d 294 (La.App. 3rd Cir.1978), writ denied, 366 So.2d 564 (La.1979), it was held that public employee performance reports were protected by the right of privacy against an attempt at discovery under the Louisiana Public Records Law.
The right of privacy above discussed is personal to a public employee and is a substantial right. A public employee's right to privacy is interrelated with the obligations of a custodian of public records when a third person asserts a claim of access to the public employee's personnel records. If the custodian of a public employee's personnel records improperly releases a record which is protected by a public employee's right to privacy, the custodian could be liable for damages to the public employee for invasion of privacy. See the general law on invasion of privacy set forth in Batts v. City of Baton Rouge, 501 So.2d 302 (La.App. 1st Cir.1986), writ denied, 503 So.2d 482 (La.1987). If the custodian improperly withholds a public employee's personnel record from a third person seeking access to the record, the custodian is subject to an action pursuant to La.R.S. 44:35 with its attendant assessments of attorney fees and costs. If the custodian, the public employee and the party seeking access to the employee's personnel record are not made parties to a La.R.S. 44:35 action which seeks the record, then any judgment rendered in the case will not be binding (res judicata) on the party omitted from the proceeding.[9] For these reasons, and for the reasons set forth in the discussion of La.R.S. 44:11, we conclude the DA's employees, who submitted the leave requests sought by the plaintiffs herein, are indispensable parties to these proceedings. Trahan v. Larivee, 359 So.2d 329 (La.App. 3rd Cir.1978).
This assignment of error has merit.[10]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for the purpose of joining as indispensable parties the DA's employees who submitted the leave requests sought by the plaintiffs and for a retrial of the case. The DA is ordered to furnish the names of these indispensable parties to the plaintiffs within ten days after this judgment becomes definitive.[11] The plaintiffs are cast for the cost of this appeal.
REVERSED AND REMANDED.[12]
*1184
 APPENDIX A
 DISTRICT ATTORNEY'S OFFICE
 BRYAN BUSH EAST BATON ROUGE PARISH 222 ST. LOUIS STREET
 DISTRICT ATTORNEY 19th JUDICIAL DISTRICT BATON ROUGE, LOUISIANA 70801
 JOSEPH N. LOTWICK AREA CODE 504
FIRST ASSISTANT DISTRICT ATTORNEY 389-3400
 MEMORANDUM
 TO: DATE:
 FROM: SUBJECT:
I (WISH TO BE, WAS) ABSENT FROM WORK ON THE FOLLOWING DATE(S): ___________________________________
for:______________________________________________________________________________________________
 ANNUAL LEAVE
[] TIME VERIFICATION: 
 SRCC COMPENSATORY TIME
[] SRCC ESCORT DUTY:
[] SRCC PHONE DUTY:
 TIME VERIFICATION: 
 SICK LEAVE
[] TIME VERIFICATION: 
 LEAVE WITHOUT PAY
[] PLEASE EXPLAIN REASON:___________________________________________________________________
 OTHER
[] PLEASE EXPLAIN REASON:___________________________________________________________________
 EMERGENCY ADDRESS
 _________________________________________________________________________________________
 STREET CITY STATE ZIP
 ______________________________________________________________________________________
 AREA CODE PHONE NUMBER RESIDENT OF
APPROVED BY:________________________________ APPROVED BY:_________________________________________
 SECTION CHIEF/SUPERVISOR FIRST ASSISTANT DISTRICT ATTORNEY/
 EXECUTIVE DIRECTOR OF
NOTES
[1] Prior to its amendment by Acts 1988, No. 336, La.R.S. 44:35 provided, as follows:

A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorneys' fees to the custodian.
[2] La.C.C.P. art. 927(3).
[3] La.C.C.P. art. 927(4).
[4] La.R.S. 44:35(D).
[5] La.C.C.P. art. 2164.
[6] The transcript of the trial court's hearing indicates that these records were ordered sealed by the trial judge. When these records were received in this court, they were not under seal; they were merely placed in a standard civil evidence folder. These records were placed under seal in this court.
[7] SRCC is identified in brief as Stop Rape Crisis Center.
[8] La. Const. of 1974, art. 1, § 5 provides, in pertinent part, as follows:

Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable ... invasions of privacy.
[9] La.R.S. 13:4231.
[10] Because this assignment of error has merit, it is unnecessary to address the DA's other assignments of error.
[11] During the hearing in the trial court, the plaintiffs asked the DA to reveal the names of the employees affected by this suit. Counsel for the DA entered an objection to the question which was sustained by the trial court. This ruling was in error. The names of public employees are not protected by the general right of privacy. Webb, 371 So.2d at 320. Further, it is inconsistent for the DA to contend that the employees are indispensable parties to this suit but that their names cannot be revealed because of the employees' right to privacy.
[12] Because the appellants have prevailed in this appeal, the answer to the appeal is without merit.