ON REHEARING
LANIER, Judge.
PROCEDURAL FACTS
Prior to June 23, 1986, Robert V. Coulon was employed as a Fire Operator in the classified service of Fire Protection District No. 1 (District) of St. Tammany Parish, Louisiana. On June 23, 1986, Coulon was removed from his position effective March 27, 1986, by Stafford Part, the District’s administrator. Coulon appealed his removal to the Slidell Municipal Fire and Police Civil Service Board (Board). On August 19, 1986, the Board affirmed the District’s action. On September 10, 1986, Coulon took an appeal to the district court pursuant to La.R.S. 33:2561. The Board was cited as a party defendant in this appeal; the District was not made a party and did not appear. The district court found the removal was not based on a valid legal cause, reversed the Board and ordered Coulon reinstated effective the date of his removal with restoration of wages and all benefits. The Board took this suspensive appeal. The District did not appeal or appear in this court. On original hearing, this court in an unpublished opinion, 539 So.2d 1319, noted that the record did not contain a transcript of the Board’s proceedings and affirmed the district court’s judgment pursuant to St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir.1982). The Board applied for a rehearing which was granted.
FAILURE TO JOIN INDISPENSABLE PARTY
On our own motion, we raise the issue of whether or not the District is an indispensable party.
These proceedings are controlled by La. R.S. 33:2531-2568, which is Part III (Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts) of Chapter 5 (Civil Service) of Title 33 (Municipalities and Parishes) of the Louisiana Revised Statutes. See also La. Const. of 1974, art. 10, §§ 16-20. In particular, La.R.S. 33:2561 provides, in pertinent part, as follows:
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written find *153 ings of fact, and all papers on file in the office of the board affecting or relating to such decisions, be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify and file the complete transcript with the designated court and that court thereupon shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.
[Emphasis added.]
An appointing authority is the board or commission having the power to make appointments to positions in the fire protection district fire service. La.R.S. 33:2583(2). An appointment is the designation of a person, by due authority, to become an employee in a position, and his induction into employment in the position. La.R.S. 33:2533(3). A position is any office or employment in a fire protection district, the duties of which call for services to be rendered by one person. La.R.S. 33:2533(13). The District is the appointing authority in this case. An employee is a person legally occupying a position. La.R.S. 33:2533(11). Coulon is the employee in this case. A board is a fire protection district fire and police civil service board. The duties of a board are set forth in La.R.S. 33:2537. Generally, in a fire protection district, it is the duty of a fire civil service board to represent the public interest in matters of personnel administration. La.R.S. 33:2537(1).
Under the general law, an employment contract (lease of labor) is a synallagmatic contract by which one party (the employee) gives to the other (the employer) his labor (services) at a fixed price. La.C.C. arts. 163, 164(1), 2669, 2670, 2673 and 2675; ODECO Oil & Gas Company v. Nunez, 532 So.2d 453 (La.App. 1st Cir.1988), writ denied, 535 So.2d 745 (La.1989); Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir.1985), writ denied, 487 So.2d 439 (La.1986). In the instant case, Coulon is the employee and the District is the employer. The employment contract between the District and Coulon is subject, for reasons of public policy, to the provisions of La.R.S. 33:2531 et seq., and these provisions of law are made a part of the contract.
La.C.C.P. art. 641 provides as follows:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
A party is indispensable when his joinder in the litigation is absolutely necessary to protect substantial rights. Terra Development Corporation v. Southland Dragway, Inc., 442 So.2d 587 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1225 (La.1984). An appellate court, on its own motion, may notice the failure to join an indispensable party. La.C.C.P. arts. 645 and 927. When an appellate court finds a failure to join an indispensable party, it should remand the case to the trial court for the joinder of the indispensable party and a retrial of the case. Terra Development Corporation, 442 So.2d at 589. The District was not made a party to the proceedings in the trial court or in this court. To determine if the District is an indispensable party, we must determine (1) whether its interest in this suit is so interrelated with the suit that it would be directly affected by the judgment herein, (2) whether an equitable adjudication of the controversy can be made without joining it in the action, and (3) whether its joinder is absolutely necessary to protect a substantial right.
The Coulon-District employment contract was terminated by the District pursuant to La.R.S. 33:2560. Coulon then appealed to the Board, pursuant to La.R.S. 33:2561, and sought reinstatement of the employment contract. The District appeared at the hearing before the Board. *154 The Board affirmed the action of the District. Coulon then appealed to the district court and sought reinstatement of the employment contract. However, only the Board was made a party defendant. Coul-on’s employment contract was not with the Board; it was with the District. Obviously, the District had an interest in whether or not the employment contract was reinstated because it was a party to the contract. Contractual rights could not be granted in favor of Coulon in the district court without directly affecting the rights and obligations of the District. The district court could not render a valid and/or definitive judgment affecting the contractual rights and obligations of the District if the District was not a party to the case. La.R. S. 13:4231; La.C.C. art. 3556(31); La.C.C.P. art. 1842. The joinder of the District is essential to protect the District’s rights and completely adjudicate this case. The District (employer) is an indispensable party.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed; this case is remanded to the trial court for the purpose of joining the District as an indispensable party and for a rehearing of the case. Coulon is cast for the cost of this appeal.
REVERSED AND REMANDED.