572 So.2d 588 (1990)
Dan HATFIELD, Mike Dunne and Capital City Press
v.
Bryan BUSH.
No. CA 89 2004.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
On Rehearing January 4, 1991.
*589 Frank M. Coates, Jr., Baton Rouge, for plaintiffs-appellees Dan Hatfield, et al.
Sam J. D'Amico and Cheney C. Joseph, Jr., Baton Rouge, for defendant-appellant Bryan Bush.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This is an action, pursuant to the Louisiana Public Records Law, La.R.S. 44:35, by members of the news media against a custodian of records alleged to be "public", seeking to compel production of the leave records of certain public employees. The record custodian filed two peremptory exceptions; one raised the objection of nonjoinder of indispensable parties and the other raised the objection of no cause of action. The exceptions were referred to the merits. After a hearing, the trial court overruled the exceptions, rendered judgment in favor of the media, and issued a writ of mandamus requiring the custodian to produce the records. The custodian took a suspensive appeal. The media answered *590 the appeal seeking attorney fees, costs and damages for frivolous appeal. This court: (1) sustained the peremptory exception raising the objection of failure to join indispensable parties, (2) reversed the trial court judgment which issued the writ of mandamus, and (3) remanded the case to the trial court with orders to (a) direct the record custodian to furnish the names of the indispensable parties to the media within ten days, (b) direct the media to join the indispensable parties in the suit, and (c) conduct a retrial of the case. Hatfield v. Bush, 540 So.2d 1178 (La.App. 1st Cir.1989).
After the remand, the custodian furnished the media with the names of five employees.[1] The media filed an amended petition which made the five named employees parties defendant in the case. The five employees answered, and asserted that their leave records are not public records as a matter of law, and, further, that their leave records "contain information of a personal nature which defendants do not wish released" and "the records reveal information about their non-public activities which should not be released because their reasonable expectation of privacy regarding the information outweighs any possible public interest in the information." The five employees also filed a peremptory exception raising the objection of no cause of action asserting the leave records were not public records within the purview of La. R.S. 44:1.
After a hearing, the trial court overruled the peremptory exceptions of the custodian and the employees and ordered the custodian to produce the requested records. The custodian and employees took this suspensive appeal.

FACTS
The basic facts in this case are set forth in Hatfield v. Bush, 540 So.2d at 1180-1181, as follows:
Plaintiffs herein are Mike Dunne, a reporter for the Baton Rouge Morning Advocate; Dan Hatfield, the city editor for the Morning Advocate; and the Capital City Press. On May 17, 1988, Mike Dunne, on his own behalf and apparently on behalf of the other plaintiffs, asked Bryan Bush, the District Attorney (DA) for the Nineteenth Judicial District Court, Parish of East Baton Rouge, to make available to him all records pertaining to the personnel leave of all employees of his office requested and/or taken between February 15 and April 15, 1988. This request was denied in a letter dated June 6, 1988, from the Chief Administrative Officer for the DA addressed to Mike Dunne which provided, in pertinent part, as follows:
Also, you requested all documentation regarding personnel leave of all employees requested or taken between February 15th and April 15, 1988, and in view of the constitutional rights of the privacy of employees as protected by the Louisiana Constitutional [sic], Article 1, Section 5, your request for employee records must be declined.
. . . . .
The blank leave request form [filed of record] shows that a DA employee who wants leave must submit the following information: (1) name; (2) dates absent from work; (3) type of leave request, that is, (a) annual leave, (b) SRCC [Stop Rape Crisis Center] compensatory time, (c) sick leave, (d) leave without pay with an explanation of the reason therefor, and (e) other type of leave with an explanation of the reason therefor; and (4) an emergency address comprised of street, city, state, zip code and telephone number. Annual leave, SRCC compensatory time and sick leave requests require a time verification.

OBJECTION OF NO CAUSE OF ACTION

(Assignments of error 1 and 3)
The DA and the employees assert the trial court "erred as a matter of law in its *591 holding that the vacation/leave forms of individual District Attorney employees was a public record" and "erred in refusal to grant the defendant/appellant's Peremptory Exception of No Cause of Action." In brief, they specifically assert the following:
Notwithstanding the broad scope of R.S. 44:1, the defendant/appellant Bush contends that the particular documents sought are not public records and bases his refusal to release such confidential information on these grounds. First, under R.S. 44:1 the records sought which are kept by the District Attorney as a public body are not kept:
by or under the authority of the Constitution or laws of this State or by or under the authority of any ordinance, regulation, mandate, or order of public body or concerning the receipt of payment of any money received or paid by or under the authority of the Constitution for the laws of this State ... R.S. 44:1
. . . . .
The District Attorney in East Baton Rouge Parish has the prerogative to regulate and specify his own policy as to vacation, sick time, and compensation time. Plaintiffs can point to no constitutional, statutory or other authority of either the City Parish government or the State of Louisiana which govern the procedure and qualification for allowing or accounting for authorized leave time of employees of the District Attorney's Office. The vacation forms which are kept by the District Attorney were designed for his use as an internal record keeping device in order to allow him to keep track of vacation, sick, and compensation time. It is clear that the records here are not kept under any authority as required by R.S. 44:1(A)(2), but in fact, such records are kept solely as an internal administrative device.
In McGowan v. Ramey, 484 So.2d 785, 790 (La.App. 1st Cir.1986), appears the following:
The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition and all the allegations of the petition are accepted as true; an objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition.... If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled.
The media's petition alleges the following:
1.
By letter dated May 17, 1988, Mike Dunne, on his own behalf and on behalf of Dan Hatfield, City Editor for the Morning-Advocate, and Capital City Press, requested that defendant, Bryan Bush, District Attorney, custodian of the records of the Office of District Attorney and a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana, make available to him all records pertaining to employees of the Office of the District Attorney relating to leave requested and/or taken by employees of the Office of the District Attorney between February 15 and April 15, 1988.
2.
The petitioners allege that these records constitute public records as defined in L.R.S. 44:1, et seq and that they are entitled to inspect and copy same in accord [sic] with the provisions of L.R.S. 44:31-35.
What constitutes a public record for purposes of the Louisiana Public Records Law, La.R.S. 44:1 et seq., is defined in La.R.S. 44:1(A) as follows:
A. (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.

*592 (2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
(3) As used in this Chapter, the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
This statute is subject to the standard rules of statutory construction and interpretation. See Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984), and the authorities cited therein. Further, because the right of the public to have access to public records is a fundamental right guaranteed by La. Const. of 1974, art. 12, § 3, if there is a doubt as to whether the public has the right to access of certain records, that doubt must be resolved in favor of the public's right to see. Title Research Corporation v. Rausch, 450 So.2d 933 (La.1984).
The pertinent portion of La.R.S. 44:1(A)(2) provides that "[A]ll records, ... and papers, ... having been used, ... or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty or function which was conducted, transacted, or performed ... by or under the authority of any ... order of any public body ... are `public records' ..." The DA is part of the judicial branch of state government; he has charge of every criminal prosecution by the state in his district, represents the state before the grand jury, and is the legal advisor to the grand jury. La. Const. of 1974, art. V, § 26. Thus, the DA is an "instrumentality of state ... government" within the purview of La.R.S. 44:1(A)(1). The leave request forms of the DA's employees are "records" which were used "in the conduct of any business ... or function" of the DA's office, and this "business... or function ... was conducted, transacted, or performed ... under authority" of the DA. Accordingly, we conclude the DA's employees leave request forms are public records within the purview of La. R.S. 44:1(A)(2). The trial court judgment which overruled the peremptory exception is correct.
These assignments of error are without merit.

PUBLIC OR PRIVATE NATURE OF THE CONTENTS OF THE LEAVE REQUEST FORMS

(Assignment of error 2)
The DA and the employees assert the trial court "erred as a matter of law in its finding that the information contained in the vacation/leave forms of individual District Attorney employees was not information to which the individual employees had a reasonable expectation of privacy."
The information contained in the leave forms falls into five basic categories: (1) the employees' names, (2) the dates of absence (leave or vacation), (3) the type of absence, (4) the reasons for leave without pay or "other" leave, and (5) an emergency address and phone number while absent.
The applicable law is set forth in Hatfield v. Bush, 540 So.2d at 1181-1183. Initially, we must determine if the privacy exceptions set forth in La.R.S. 44:11 apply. If this statute applies, that is the end of the inquiry. If, however, La.R.S. 44:11 is not *593 applicable, the proper methodology for thereafter analyzing the privacy claims of public employees is set forth in Gannett River States Publishing v. Hussey, 557 So.2d 1154 (La.App. 2nd Cir.1990). First, it must be determined whether the public employee had a reasonable expectation of privacy against disclosure of the pertinent information. If there was no reasonable expectation of privacy, that is the end of the inquiry. If a reasonable expectation of privacy is found, we then must balance the public's right to disclosure against the public employee's right to privacy. Pursuant to La.R.S. 44:35(B), "the burden is on the custodian to sustain his action" in withholding public records. Further, we hold by analogy that the employees bear the burden of showing their right to privacy.

A Public Employee's Name
The name of a public employee is not protected by La.R.S. 44:11. Generally, there is no reasonable expectation of privacy for the name of a public employee. Hatfield v. Bush, 540 So.2d at 1183, n. 11. When a person seeks public employment, the public has a right to know who it is hiring to perform public work. However, there may be special circumstances where there is a reasonable expectation of privacy for the name of a public employee. For example, if a public employee is working in an undercover capacity to secure evidence of a crime, improper disclosure of the employee's name could produce devastating consequences to the employee and/or the investigation in which he is involved. No such claim has been made in the instant case. Under the facts of this case, the names of the pertinent DA's employees are subject to disclosure.

Dates of Absence
La.R.S. 44:11 does not apply to the dates the DA's employees are absent from their public duties. Unless special circumstances are shown, public employees do not have a reasonable expectation of privacy for the dates and times they are required to perform their public duties. The public has a right to know not only who are public employees, but also when public employees perform their duties. If public employees do not perform their duties when they are supposed to, various civil and/or criminal sanctions may come into play. Obviously, if the public knows when a public employee is performing his public duties, it also knows when the public employee is not performing his public duties. Thus, public employees do not have a reasonable expectation of privacy for the dates on which they are not performing their public duties. The dates of absence (leave or vacation) of the pertinent DA's employees are subject to disclosure.

Type of Absence
The types of absence set out in the leave form are (1) annual leave, (2) Stop Rape Crisis Center (SRCC) compensatory time, (3) sick leave, (4) leave without pay, and (5) other. The names of the five DA's employees who were made a party to this suit are Suzanne Fa-Kouri, Gerri Hughes, Marlene Jeansonne, Kim Tally and Carolyn Webber. A review of the leave forms under seal shows that these employees collectively submitted ten leave requests during the period of February 15 to April 15, 1988. Nine requests were for annual leave and one was for sick leave.
La.R.S. 44:11 does not apply to the types of leave that public employees take from their duties. Public employees do not have a reasonable expectation of privacy for a statement that their absence from work is for annual leave. The public has a right to know whether a public employee is entitled to annual (vacation) leave, and, how much annual leave he will get. The employees have not asserted any compelling reason to justify the suppression of disclosure of annual leave time.
Disclosure of sick leave time, and especially the reasons therefor, presents a different problem from that of disclosure of annual leave time. There may be a reasonable expectation of privacy for certain types of sick leave and the reasons therefor. However, in this particular case, the employee in question has not shown any compelling reason to justify the suppression *594 of disclosure of the sick leave record.

Emergency Address and Phone Number
The emergency address and phone number portions of the leave forms of the pertinent five DA's employees are blank.[2] Thus, disclosure of addresses and phone numbers is not at issue in the appeal before us.

Conclusion
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The DA is cast for all costs of $640.80.
AFFIRMED.
EDWARDS, Judge, dissents.
I believe, under the facts in this case, the employees' privacy expectations outweigh the public's interest in disclosure of these records. I cannot agree with the majority that "public employees do not have a reasonable expectation of privacy for the dates on which they are not performing their public duties." I respectfully dissent.
Before COVINGTON, C.J., and LOTTINGER, EDWARDS, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN, LeBLANC and FOIL, JJ.

ON REHEARING EN BANC[*]
LANIER, Judge.
The DA has filed an application for a rehearing en banc contending we erred in our original opinion by holding his employee leave request forms were subject to the Louisiana Public Records Law (LPRL), La. R.S. 44:1 et seq. The DA asserts the LPRL is applicable only to "those writings which are required to be kept by law and regulation or which relate to the essential function of the office." The media (plaintiffs) also applied for a rehearing contending the rationale in the body of our original opinion is inconsistent with the decree therein. The media requests that the "opinion be clarified to require the production of all leave records originally sought ...".
In Hatfield v. Bush, 540 So.2d 1178 (La. App. 1st Cir.1989), this court held that each of the affected DA's employees was an indispensable party in an action to obtain production of his or her leave request form because of the nature of some of the information requested in the form. We observed that pursuant to La.C.C.P. art. 641 "[N]o adjudication of an action can be made unless all indispensable parties are joined therein ...", and that pursuant to Terra Development Corporation v. Southland Dragway, Inc., 442 So.2d 587 (La. App. 1st Cir.1983), writ denied, 444 So.2d 1225 (La.1984), and the authorities cited therein, when an appellate court finds a failure to join an indispensable party, it should remand the case to the trial court for the joinder of the indispensable party and a retrial of the case. Accordingly, this court reversed the judgment of the trial court (which ordered all of the leave records produced) and "remanded to the trial court for the purpose of joining as indispensable parties the DA's employees who submitted the leave requests sought by the plaintiffs and for a retrial of the case." In connection with this judgment, the DA was "ordered to furnish the names of these indispensable parties to the plaintiffs within ten days after this judgment becomes definitive." (Emphasis added). Neither side applied for a rehearing in this court nor applied to the Louisiana Supreme Court for a writ. Pursuant to La.C.C.P. art. 2166(A), "[T]he judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme *595 court for a writ of certiorari is timely filed." (Emphasis added). Pursuant to La.C.C.P. art. 1842, a definitive judgment is res judicata. See La.R.S. 13:4231; La. C.C. art. 3556(31); Cantrell v. BASF Wyandotte Corporation, 489 So.2d 1062 (La.App. 1st Cir.1986).
On remand, the DA complied with our order and furnished the media with a list of 82 names. However, the media only made 5 of the named employees parties to the suit. A retrial was held in which only these 5 employees participated. Thereafter, the trial court rendered the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that the peremptory exception of no cause of action of the individual defendants be overruled; and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a Writ of Mandamus issue in this matter and that Bryan Bush, District Attorney, is hereby ordered to produce applications of employees for leave between February 15, 1988 and April 15, 1988 for inspection and copying by plaintiffs in accord with L.R.S. 44:31 and L.R.S. 44:32 and that such records introduced in evidence as "Court 1" be unsealed and likewise made available for inspection and copying by plaintiffs.
The DA and the 5 employees took this suspensive appeal. The media did not appeal or answer the appeal.
In our opinion rendered in the second appeal, we observed as follows in footnote 1:
The records under seal herein contain leave forms for numerous employees other than those made parties to this case. The record before us does not explain why only five employees were made parties defendant. The trial court and this court cannot adjudicate issues pertaining to indispensable parties who were not made parties to these proceedings.
However, in our judgment we affirmed the trial court judgment (which ordered the leave request forms for all 82 employees produced). Thus, there is merit to the media's contention that the rationale of the body of the opinion is inconsistent with the decree because neither this court, nor the trial court, can, pursuant to La.C.C.P. art. 641, and the jurisprudence interpreting it, adjudicate an action "unless all indispensable parties are joined therein". The trial court erroneously ordered the leave request forms of 77 of the employees produced, even though they have been declared by a definitive judgment to be indispensable parties and were not joined as parties defendant in this case.
Accordingly, the judgment of this court on original hearing is amended to provide as follows:
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it orders the production of the leave records of the five DA's employees who were made parties to these proceedings, namely: (1) Carolyn Webber, (2) Marlene Jeansonne, (3) Kim Tally, (4) Geraldine Hughes, and (5) Suzanne Fa-Kouri. The judgment of the trial court is reversed insofar as it ordered production of the leave records of the seventy-seven DA's employees who are indispensable parties and who were not joined as parties to these proceedings. The cost of this appeal of $579.95 is assessed 50% to the DA and 50% to the media.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
LOTTINGER, J., concurs in the result.
LeBLANC, J., concurs in the result and assigns reasons.
EDWARDS, J., dissents for the reasons assigned on original hearing.
FOIL and SHORTESS, JJ., dissent and assign reasons.
LeBLANC, Judge, concurring.
I concur in the result reached by the majority in this matter based largely on the opinion in Hatfield v. Bush, 540 So.2d 1178 (La.App. 1st Cir.1989). In that case, this court held that each of the affected district attorney employees was an indispensable party to the action. That ruling has not *596 been changed and therefore I feel bound to follow said ruling.
FOIL, Judge, dissenting.
I respectfully dissent.
This case was brought by members of the press in Baton Rouge against Bryan Bush, in his capacity as District Attorney for the 19th Judicial District and as custodian of the leave records of public employees in that office. On May 17, 1988, plaintiffs sought to compel the defendant to produce leave records of all of his employees where leave was requested and/or taken between February 15 and April 15, 1988. On June 6, 1988, the defendant denied plaintiffs' request, taking the position that the employees had a constitutional right of privacy under Article 1, Section 5, of the Louisiana Constitution. On June 20, 1988, this suit was filed to compel production of the records pursuant to the Public Records Law (La.R.S. 44:1 et seq.).
The defendant filed two peremptory exceptions. One raised the objection of nonjoinder of indispensable parties and the other was an exception of no cause of action. The trial court referred the exceptions to the merits and, after a hearing, overruled both exceptions, rendered a judgment in favor of the plaintiffs, and issued a writ of mandamus requiring the defendant to produce the records. From that judgment, defendant took a suspensive appeal.
On appeal, a three-judge panel of this court sustained the peremptory exception of failure to join indispensable parties, reversed the trial court, and remanded the case with orders to direct the defendant to furnish the names of the indispensable parties to the plaintiffs and conduct a retrial of the case. Hatfield v. Bush, 540 So.2d 1178 (La.App. 1st Cir.1989).
The defendant furnished the plaintiffs with a list of the names of 82 employees as possible indispensable parties, and the plaintiffs amended their petition to make five of those employees indispensable parties. The five employees asserted that they had a reasonable expectation of privacy regarding the information on their leave forms, and therefore the forms were not public records within the meaning of the Public Records Law. After a hearing, the trial judge issued a writ of mandamus ordering the District Attorney to produce for inspection and copying all of the leave records which were originally requested. From this judgment, the district attorney and the five employees took a suspensive appeal. In March of 1990, a three-judge panel of this court, in a two-to-one ruling, affirmed the trial court. The plaintiffs and the District Attorney applied for a rehearing. This court ordered a rehearing en banc.
The following are applicable to this case:
La.R.S. 44:31 provides:
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
La.R.S. 44:32A and B provide:
A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be *597 paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
B. If any record contains material which is not a public record, the custodian may separate the nonpublic record and make the public record available for examination.
La.R.S. 44:35A and B provide:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
La.R.S. 44:11A provides:
A. Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
(1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
(2) The home telephone number of the public employee where such employee has requested that the number be confidential.
(3) The home address of the public employee where such employee has requested that the address be confidential.
La.Const. of 1974, art. 12, § 3, provides:
Section 3. No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
La.Const. of 1974, art. 1, § 5, provides:
Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
The right of the public to have access to public records is a fundamental right guaranteed by the Louisiana Constitution. If there is a doubt as to whether the public has the right to the access of certain records, that doubt must be resolved in favor of the public's right to see. Title Research Corporation v. Rausch, 450 So.2d 933 (La.1984).
This case involves the leave records of the office of the District Attorney for the 19th Judicial District. Such records are public records within the meaning of the Public Records Law. When the District Attorney refused to produce the records, the plaintiffs filed suit for a writ of mandamus to force the District Attorney to produce the leave records. At that stage, the District Attorney was required to produce the records or show that the records were exempt from the Public Records Law. In that regard, the burden was on the District Attorney to make such a showing.
*598 The only way for the District Attorney to carry his burden to show that the leave records were not subject to the Public Records Law was to either show that there is a specific exemption in the law, such as La.R.S. 44:11 A, set forth above, or that there was some reasonable expectation of privacy on the part of an employee which outweighed the public's right to disclosure. If the District Attorney did not carry that burden, then the employee would have to carry the burden. In that regard, it is not necessary that the employees become indispensable parties. Either the custodian of the records can claim the exemption or an aggrieved employee may intervene in the suit.
In this case, neither the District Attorney nor any employee carried the burden of showing that any of the requested records were exempt from the Public Records Law. Moreover, the trial judge examined all of the requested records and approved their release to the public before ordering that they be turned over to the plaintiffs for copying.
For the foregoing reasons, I would affirm the judgment of the trial court, signed on September 18, 1989, ordering that all of the requested records be turned over to the plaintiffs for inspection and copying.
SHORTESS, Judge, dissenting.
I agree with Judge Foil's dissent. I write to attempt to simplify what seems to me to be a very basic premise. The public has a right to know if its public officials and employees are earning their salaries, ergo, any documents or papers generated in this connection should be public records. In my opinion, public employees have no reasonable expectation of privacy which outweighs the fundamental public right to disclosure in this kind of circumstance.
NOTES
[1] The records under seal herein contain leave forms for numerous employees other than those made parties to this case. The record before us does not explain why only five employees were made parties defendant. The trial court and this court cannot adjudicate issues pertaining to indispensable parties who were not made parties to these proceedings.
[2] Only a few of the many DA's employee leave forms under seal have the emergency address and phone number sections filled out.
[*] Judge Douglas M. Gonzales of the 19th Judicial District Court is serving as Judge pro tempore by special appointment of the Louisiana Supreme Court to fill the vacancy created by the death of Judge Steve A. Alford, Jr., but he did not participate in the hearing of this case.