296 So.2d 453 (1974)
John F. TOOLEY, Jr.
v.
CANAL MOTORS, INC., and Radio Station WNOE.
No. 5631.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 1974.
Deutsch, Kerrigan & Stiles, Charles K. Reasonover, New Orleans, for plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, Esmond Phelps, II, New Orleans, for defendant-appellee Canal Motors, Inc.
Wilkinson & Wilkinson, James Wilkinson, III, New Orleans, for defendant-appellee WNOE, Inc.
Before SCHOTT, J., and LeBRUN and St. AMANT, JJ. Pro. Tem.
W. C. LeBRUN, Judge Pro Tem.
Plaintiff appeals from a dismissal of his suit for damages resulting from defendants' alleged invasion of his privacy.
On February 2, 1970, defendant, WNOE, began broadcasting a commercial 60-second spot advertisement which began as follows:
"The Canal Ford Knights don't sell cars; they sell people. A Canal Ford City Knight is a combination of all professions. John Tooley, Jack Simmons and Ty Loup, like lawyers, express their ideas clearly. . . ."
The advertisement continued by naming other individuals and attributing to them characteristics supposedly identifiable with various professions, such as great leaders, statesmen, teachers and bankers. The advertisement was delivered in fast talking style by a WNOE announcer and was somewhat garbled and difficult to understand. It was run generally during driving time in the morning and afternoon, and was to continue until February 19.
Plaintiff, who is a practicing attorney, became aware of the advertisement in conversations with friends and associates who, having heard the advertisement, inquired of him as to whether he was selling cars or whether he was still practicing law and *454 conveyed to him the impression that they associated the John Tooley in the advertisement with the plaintiff. Plaintiff testified that as the week went on he received continuous inquiries and comments, many in a jocular vein. By February 7 he was able to make a tape recording and transcription of the advertisement in question.
Immediately thereafter he requested that defendants cease the use of his name in the advertisement. His letter to them contained the following:
"Reference to your salesman by the name of John Tooley, as a `professional' and `lawyer', intentionally misleads listeners into believing that John Tooley, the attorney, endorses or participates in the activities of Canal Motors. Such an inference is an invasion of Mr. Tooley's privacy and reflects upon his professional reputation."
When the letter was received by the defendants about February 10, they were in a position to modify or withdraw the advertisement within a day thereafter but they elected to let the advertisement run its course for the duration of the original schedule.
Plaintiff testified that as the broadcasts continued, he continued to receive numerous inquiries and comments and he became concerned that the Louisiana State Bar Association might entertain a grievance against him because of advertising. Some of the comments were in the vein that his law practice must be such that he was finding it necessary to sell automobiles for economic reasons. He testified: "After the commercial stopped, of course people would still rib me about it or ask me about it. Some of them even seriously asked me if I had quit the practice of law . . ." Plaintiff's testimony was corroborated by the testimony of another attorney who thought that plaintiff might be selling automobiles for defendant, Canal Motors.
In dismissing plaintiff's suit, the trial judge assigned the following reasons for judgment:
"Joseph John Tooley, a salesman at Canal Ford, Inc. was known as and used the name, `John Tooley.'
"He permitted the Company to use his name in a Radio advertisement, the pertinent part of which is as follows: `John Tooley, et al, like lawyers, express their ideas clearly.' . . .
"This Court finds from the testimony that no investigation was made by the defendants to see if there was a `John Tooley' lawyer. However, there was no knowledge that there was an attorney named `John Tooley.'
"The Court finds that the Plaintiff, John Tooley, suffered embarrassment and mental anguish over the situation. Any person in this situation would have suffered, and probably a lawyer more than most. However, the Court does not feel that under the law the actions of the Plaintiff constitute actional negligence as contended by the Plaintiff." (Emphasis supplied)
In the case of Hamilton v. Lumbermen's Mutual Casualty Co., 82 So.2d 61 (La.App. 1st Cir. 1955), where it was recognized that a plaintiff has a cause of action for invasion of his right of privacy the following definition of the right is found:
"It has been defined as `the right to be let alone' and as `the right to live one's life in seclusion without being subjected to unwarranted and undesired publicity.'"
This case has been followed and recovery allowed in Lambert v. Dow Chemical Company, 215 So.2d 673 (La.App. 1st Cir. 1968), Pack v. Wise, 155 So.2d 909 (La. App. 3rd Cir. 1963), and McAndrews v. Roy, 131 So.2d 256 (La.App. 1st Cir. 1961).
*455 As appears from the cited cases and as discussed at length in the Comment at 28 La.Law Rev. (April 1968) malicious intent on the part of the defendant is not a necessary element in the prosecution of an invasion of privacy claim. If the defendant's conduct is unreasonable and seriously interferes with plaintiff's privacy the invasion is actionable.
Certainly, the advertisement did infringe on plaintiff's right to be let alone and did subject him to unwarranted and undesired publicity. When this was made known to defendants it was unreasonable for them not to modify the advertisement so as to delete the portion which was in fact misleading the public to the detriment of the plaintiff. Their conscious decision to permit the advertisement to run for another nine days constituted an actionable invasion of plaintiff's privacy under the circumstances.
Defendants rely primarily on the case of Tharp-Bultman-Sontheimer Co. v. Tharp-Sontheimer-Tharp, 147 La. 765, 85 So. 906, and the following language therein:
"The weight of jurisprudence in this country sustains the doctrine that, in the absence of a contract restricting the exercise of such right (and the capacity for such restriction is limited), every one may use his own name honestly in his own business and in the earning of his own livelihood and that of his family,. . ."
They point to the fact that Canal Motors had a salesman named John Tooley and that the wording of the advertisement does not identify Tooley, the salesman, as an attorney but simply attributes to him characteristics which are generally associated with one in the legal profession.
However, it is clear from the words of the advertisement and the manner in which it was delivered that a listener might reasonably associate in his mind the John Tooley used in the advertisement with the plaintiff, and while the defendants can hardly be held accountable for the first few days of broadcasting the advertisement since they were not then aware of the existence or identity of the plaintiff, their posture was changed upon their receipt of plaintiff's letter of February 7 which should have caused them to modify or withdraw the advertisement.
Defendants' reliance on the cited case is misplaced for the reason that while the case stands squarely for the proposition that one may use his own name in his business it hardly stands for the proposition that one may use his own name in such a manner as to mislead a listener or a reader into believing that the person being identified is another who has the same name. The opinion in the cited case limits the right of one to use his own name to circumstances where he uses it "honestly," and the portion of the opinion which is quoted above continues with the following:
". . . but that no one may lawfully resort to artifice or deceit for the purpose, or with the intent and effect of misleading, or confusing the public and palming off his services, goods, or products as those of another."
The trial judge found, and the record confirms, that the advertisement had the effect of misleading or confusing the public into believing that the plaintiff was the person mentioned in the advertisement. When the defendants received notice from the plaintiff that the advertisement was having this effect and when they declined to do anything about it their conduct then became deceitful in the sense that they were perfectly willing to permit the public to continue being misled and confused by the advertisement.
While plaintiff testified that he did not know of any clients or business he lost as a result of the advertisement, he is entitled to compensation for general damages and we consider the sum of $1,000 to be appropriate under the circumstances.
Accordingly, the judgment appealed from is reversed and set aside, and it is ordered, *456 adjudged and decreed that there be judgment in favor of plaintiff, John Tooley, and against defendants, Canal Motors, Inc. and Radio Station WNOE jointly and in solido in the sum of $1,000 with legal interest from date of judicial demand and until paid, and for all costs of these proceedings, including the cost of this appeal.
Reversed and rendered.