CUTRER, Judge.
Plaintiffs, James J. Jaubert and wife Constance, seek damages as a result of an alleged invasion of privacy as a result of a publication by defendant, Crowley Post Signal, Inc. (hereinafter referred to as Crowley Post). From an adverse judgment defendant appeals. We affirm.
The facts are not in dispute.
Sunday, August 28, 1977, the defendant published on the front page of its daily newspaper a photograph depicting plaintiffs’ home as it appeared through the limbs of a nearby tree. The caption appearing beneath the photograph read as follows:
“One of Crowley’s stately homes, a bit weatherworn and unkempt, stands in the shadow of a spreading oak.”
The plaintiffs’ names were not mentioned nor was the address of the residence given. Robert Charles Dailey, defendant’s editor, stated that the picture was taken two or three days before publication and that it was his decision to publish same. He never attempted to ascertain the names of the owners nor to get their permission to publish the picture.
Mrs. Jaubert testified that she and her husband had purchased the home for $70,-000.00 about one year before the incident. They moved in and undertook some renovation of the house. The trial court’s findings of fact as to the results of the publication are as follows:
“According to testimony which this Court accepts, the plaintiffs were out of town at the time the photograph was published. Mrs. Jaubert testified that the couple returned home three days later in response to her mother’s telephone call, informing plaintiffs of the photo. The plaintiff stated that she was hurt and embarrassed by the picture and was ques *477 tioned about it by others. She said she had to discuss the situation whenever it was brought up. Mr. Jaubert, likewise, saw the picture for the first time on arriving hime [sic] the Wednesday following the picture’s appearance. He was irrate [sic] about the matter. He stated that for several weeks he was approached about the photo by approximately twenty people. On behalf of the plaintiffs, six witnesses appeared to verify that they had seen the photograph and had recognized the house as that of the plaintiffs’. Each further stated that he or she had discussed the picture with other folks to a varying degree.”
The appeal of the Crowley Post presents three assignments of error:
“1. The Court erred in failing to find that the photograph was published as a newsworthy item and, as such, constituted a matter of public interest, which is privileged and would not constitute an actionable invasion of privacy.
“2. The Court erred in finding that a photograph of an object can constitute an individual’s invasion of privacy when neither the object nor the individual is identified.
“3. The Court erred in finding that a photograph of an object which is visible from a public place could constitute private facts or affairs and be an invasion of an individual’s privacy.”
I.
The Crowley Post contends first that their publication was news and, as such, was privileged and a defense to this action.
We are faced with two competing forces of constitutional rights, i. e., the individual’s right of privacy and freedom of the press. Art. 1, § 5 of the Louisiana Constitution of 1974 provides as follows:
“Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.

Art. 1, § 7 of the Louisiana Constitution of 1974 provides as follows:
“No law shall curtail or restrain the freedom of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.”
The right of privacy was recognized long before the adoption of the Constitution of 1974. In the case of Tooley v. Canal Motors, Inc., 296 So.2d 453 (La.App. 4th Cir. 1974), the court observed:
In the case of Hamilton v. Lumbermen’s Mutual Casualty Co., 82 So.2d 61 (La.App. 1st Cir. 1955), where it was recognized that a plaintiff has a cause of action for invasion of his right of privacy the following definition of the right is found:
“It has been defined as ‘the right to be let alone’ and as ‘the right to live one’s life in seclusion without being subjected to unwarranted and undesired publicity.’ ”
This case has been followed and recovery allowed in Lambert v. Dow Chemical Company, 215 So.2d 673 (La.App. 1st Cir. 1968), Pack v. Wise, 155 So.2d 909 (La. App. 3rd Cir. 1963), and McAndrews v. Roy, 131 So.2d 256 (La.App. 1st Cir. 1961).
The invasion of the right of privacy by publication is actionable unless the publication is newsworthy or can be classified as news.
“Recovery for an invasion of a right of privacy is only available when plaintiff’s private affairs have been given unauthorized exposure. The publication of a newsworthy event of public interest is privileged.” Mahaffey v. Official Detective Stories, Inc., 210 F.Supp. 251 (U.S. D.C., Wrn.Dist., La.1962).
The question then arises as to whether the publication herein was news.
The defendant called Dr. Whitney Mundt, a professor of journalism at L.S.U., who testified that, in his opinion, the photograph herein was a “feature photograph.” He defined such a photograph as one of interest to the public. His testimony in this regard is as follows:
*478 “This photograph in my estimation, in my opinion, is a matter of interest to the public for the simple reason that this is a picture of a home which members of the public have seen, would be interested in seeing again. This is a home which is in the public view, fifteen or twenty feet from a public street; there is no hedge, no fence, nothing which would indicate that the home was intended to be secluded. It is clearly in the public view and there is public interest in photographs of this nature as demonstrated by the fact that we have historical societies, for example, which are dedicated to the preservation of old homes.”
The expert only referred to the photograph as being of public interest. He did not testify that the uncomplimentary remarks about the owners’ upkeep of the home were “newsworthy.” The argument of the Crowley Post may have some merit if only the photograph had been published without the remarks contained in the caption. When the photograph of the home is coupled with the caption, which contained uncomplimentary remarks concerning the owners’ lack of upkeep thereof, the defendant forfeited the defense that the publication was newsworthy. The plaintiffs are protected against “unwarranted and undesired publicity.” Tooley, supra.
II.
The defendant further contends that the photograph cannot constitute an invasion of privacy as neither the object nor the owner was identified. This contention is without merit as the testimony of the plaintiffs and six witnesses reflects that the identification of the house depicted in the picture was recognized and discussed by numbers of people. The plaintiffs were asked about the publication and the remarks accompanying same. The testimony is undisputed in this regard. The plaintiffs had lived in the house for approximately a year, and it would not be unusual for numerous residents of Crowley to recognize the house as being that of the plaintiffs.
In the case of McAndrews v. Roy, 131 So.2d 256 (La.App. 1st Cir. 1961), the defendant utilized photographs of plaintiff as “before and after” pictures for the advertising of defendant’s health studio. The “before and after” photographs of plaintiff were recognized by his fellow employees who called him such names as “muscle head” or “muscle body.” The court labeled such publication as an invasion of plaintiff’s privacy and awarded damages for humiliation and embarrassment. The similarity in McAndrews and the case at hand is that in both cases the objects of the photographs (plaintiff’s images in McAndrews; plaintiffs’ residence along with the unfavorable caption in this case) were recognized by people in the community, causing embarrassment and humiliation to plaintiffs.
Defendant cites the case of Branson v. Fawcett Publications, 124 F.Supp. 429 (D.C., Ill., 1954), where the photograph pictured a wrecked automobile without reference to the driver or the license number. In denying recovery the court stated that the automobile driver could not be identified unless a person had been present at the accident scene when it occurred. The reasoning of the Branson case is not applicable here as the undisputed testimony in this case reflects that the plaintiffs’ home was, in fact, recognized by numerous residents of Crowley.
III.
The defendant lastly contends that since the house was visible from a public street, the publication of the photograph would not constitute an invasion of privacy. This contention is without merit, McAn-drews, supra. The trial judge correctly disposed of this contention in his reasons for judgment when he stated as follows:
“The fact that the photograph as [sic] taken from a public street and could be viewed by any passersby is of no legal consequence. Plaintiffs enjoy the right to be free from unreasonable intrusion. Discovering during one’s absence that his home has been given front page attention, without his permission, accompanied *479 by a less than flattering caption, is an invasion of the right of privacy.”
The publication of the photograph of plaintiffs’ home accompanied by a derogatory remark about the owners, identifiable by a considerable number of fellow citizens in plaintiffs’ home town of Crowley, constitutes an actionable invasion of privacy. The plaintiffs have a right “to be let alone” without being subjected to unwarranted and undesired publicity, Tooley, supra. For this intrusion, defendant is liable for damages to plaintiffs.
Plaintiffs answered the appeal seeking an increase in the awards of the trial court, which were $500.00 to each plaintiff. We have reviewed the record and conclude that the awards are neither inadequate nor excessive. We find no manifest error in this regard.
For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.
WATSON, J., dissents and assigns written reasons.