557 So.2d 1154 (1990)
GANNETT RIVER STATES PUBLISHING d/b/a The Times, Plaintiff-Appellee,
v.
John B. HUSSEY and the City of Shreveport, Defendants-Appellants.
No. 21,586-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
Writ Denied May 11, 1990.
*1155 City of Shreveport, Office of the City Atty. by Charles C. Grubb, Lydia M. Rhodes, Shreveport, for defendants-appellants.
Tucker, Jeter, Jackson & Hickman by W. Lake Hearne, Shreveport, for plaintiff-appellee.
Before HALL, JONES and SEXTON, JJ.
SEXTON, Judge.
Defendants bring this civil appeal from a district court judgment ordering them to permit plaintiff access to all records held by defendants relating to applicants for the position of chief of the Shreveport Fire Department. For reasons which will be considered below, we affirm.

FACTS
Following an announcement by its long-time chief that he intended to retire from the Shreveport Fire Department, the city of Shreveport contracted the services of a professional recruiter to assist it in hiring a new chief. In addition to those individuals who applied through the professional recruiter, several submitted applications directly to the mayor of Shreveport.
On June 2, 1989, a reporter for The Times of Shreveport hand delivered a written request to the mayor wherein she sought access to the names of individuals who had applied for the position. On June 5, 1989, the mayor denied the request, citing two reasons for this denial: (1) public interest would not be served by releasing such information because it would result in reducing the number of qualified applicants and (2) applicants have a right to privacy from unreasonable invasion under the Louisiana Constitution of 1974 which would be violated by such disclosure. The mayor attached to his letter an interoffice legal opinion prepared by the city attorney's office which outlined the situation and what was, in the attorney's opinion, the applicable law.
*1156 Plaintiff River States Publishing Corporation, d.b.a. The Times, filed suit on June 8, 1989, seeking a writ of mandamus and other relief under Louisiana's Code of Civil Procedure and Public Records Act from the city of Shreveport and its mayor, John B. Hussey. Counsel for The Times wrote to the mayor on June 9, 1989, clarifying and enlarging the original request made by the reporter to include "any and all `public records' ... which relate to, arise out of or are connected with the selection" of a replacement fire chief. Thereafter, plaintiff amended its petition to additionally seek whatever records were in the possession of the professional recruiter.
The matter was tried on June 29, 1989, and involved the testimony of four defense witnesses and five exhibits. After taking the matter under advisement, for oral reasons rendered on July 7, 1989, the district court ruled in the plaintiff's favor ordering the mayor and the city to permit access to those records pertaining to the selection of a new fire chief which were in their possession. However, the district court denied the plaintiff's request for those records which were in the possession of the professional recruiter and which had not been provided to the city. Additionally, because the district court found that the mayor had denied plaintiff's request based upon legitimate concerns as well as legal advice, he denied plaintiff's request for attorney fees. All costs of the proceeding were divided equally between the parties.
Defendants have appealed the district court decision, setting forth several theories and arguments in support of their position that the requested records are not public records or, alternatively, should not be discoverable under the Public Records Act. Plaintiff has answered the appeal seeking to have the district court's judgment amended to include attorney fees and to assess all costs of the proceeding below to the defendants.[1]

PUBLIC RECORDS
Defendants argue conclusively, with no supporting authority, that the records sought are not public records. In apparent support of this position, they point out that the district court concluded that all records in the possession of the professional recruiter and which had not been turned over to the defendants were not public records.[2]
Plaintiff points out that "public records" are defined broadly in Louisiana and they rely, in addition to the definition contained in LSA-R.S. 44:1 A(2), on a number of out-of-state decisions as support. The Louisiana Press Association reiterates this argument, further pointing out that the Public Records Act contains no exception to disclosure under the circumstances presented here.
The general definitions section of the act, LSA-R.S. 44:1, contains the following definition of public records:
(2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise *1157 provided in this Chapter or as otherwise specifically provided by law.
The mayor testified that under the city's charter one of his duties is to appoint individuals to fill certain positions, among them that of fire chief. He also testified that he was in possession of 21 applications which he had personally received, a booklet prepared by the professional recruiter reflecting applications of eight applicants, letters of recommendation, and general correspondence, all of which he was using in selecting the new fire chief.
We have no doubt that the documents sought by the plaintiff are public records under the definition above. They constitute
books, records, writings, accounts, letters,... memoranda, and papers ... or any other documentary materials ... having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, ... work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state ... or order of any public body....
Defendants' argument to the contrary is without merit.

RIGHT OF PRIVACY
Having concluded that the requested documents in the possession of the defendants are public records, we now turn to the question of whether the district court correctly ruled that plaintiff was entitled to access to all those records in defendants' possession pertaining to the appointment of a new fire chief or whether access should have been denied pursuant to some constitutional, statutory, or jurisprudential exemption from disclosure.
On the one hand, plaintiff relies on two sections of the Louisiana Constitution of 1974:
Art. 1, § 7. Freedom of Expression
No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.
Art. 12, § 3. Right to Direct Participation
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
Additionally, they point out that "[e]xcept as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record." LSA-R.S. 44:31.
On the other hand, defendants focus on the right to privacy contained in the state constitution:
Art. 1, § 5. Right to Privacy
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy....
They argue that each individual seeking the chief's position had an expectation that his or her interest and application would remain confidential unless and until he or she was either considered a serious contender or was selected for the position.
Thus, it is apparent that we are called upon to resolve the competing interests contained in the constitutional provisions reproduced above.
The Public Records Law must be liberally interpreted so as to extend rather than restrict access to public records by the public. Dutton v. Guste, 395 So.2d 683 (La.1981); Webb v. City of Shreveport, 371 So.2d 316 (La.App.2d Cir.1979), writ denied, 374 So.2d 657 (La.1979). Any exemption from the law is in derogation of the public's right to know how government affairs are being conducted and must be narrowly interpreted. Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir.1984), writs denied, 457 So.2d 1183 and 458 So.2d 488 (La.1984).
Article 1, § 5 of the Louisiana Constitution of 1974 prohibits only "unreasonable" invasions of privacy. The right of privacy is not absolute; it is qualified by the rights of others. The right of privacy *1158 is also limited by society's right to be informed about legitimate subjects of public interest. Plaquemines Parish Commission v. Delta Development Co., 472 So.2d 560 (La.1985); Parish National Bank v. Lane, 397 So.2d 1282 (La.1981).
In Trahan v. Larivee, 365 So.2d 294 (La. App. 3rd Cir.1978), writ refused, 366 So.2d 564 (La.1979), a radio station sought access to evaluation reports on department directors for the city of Lafayette. These evaluations included a performance review, comments by the rater, comments by the reviewer, and employee's review and comments. The district and appellate courts denied access to the reports.
To publish or disclose such personal opinions may embarrass or humiliate the employee among his fellow employees, friends or family.... Humiliation or embarrassment could flow even though the rating would be "outstanding" as this rating may create envy or jealousy in other employees.
. . . .
Confidentiality of these evaluations is vital. If the person making the evaluations knew that they may be disclosed to the public, his evaluation may easily be less than accurate, objective or candid. The public interest in efficient government is better served by keeping these evaluations confidential.
Trahan v. Larivee, supra at 300. The appellate court based its decision upon the constitutional right to privacy[3] and analogous federal jurisprudence under the Freedom of Information Act.
In Webb v. City of Shreveport, supra, a labor union sought a list of names of city employees in order to facilitate organizing those employees. This court reversed the lower court denial of access to the list of names. In so doing, we took cognizance of, but distinguished, Trahan v. Larivee, supra, noting that "[t]here is a vast difference, however, in personnel evaluation reports and a listing (or computer printout) of names and addresses of employees of a municipality." Webb v. City of Shreveport, supra at 318.
However, the Webb court clearly recognized the existence of a "personnel exception" to the public records doctrine.
Federal authorities which have considered constitutional claims of privacy against disclosure, sometimes called "disclosure privacy," generally set forth the requirement that the claimant must establish that he has (subjectively) an expectation of privacy against disclosure and that the expectation is (objectively) legitimate or reasonable. See Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1972).
Our Louisiana Constitution, while more explicit in its recognition of the right of privacy, should not require a different analysis. Art. 1, § 5 protects against "unreasonable searches, seizures, [and] invasions of privacy...." Thus, our threshold determination is whether the City or its intervening employees have (conversely), a reasonable expectation of privacy against disclosure of the names and addresses of city employees, excluding those in the police and fire departments. If a reasonable expectation of privacy is found, then and only then, need we weigh or balance the public records or documents disclosure interest against the privacy interest as was done in Trahan and in the federal cases.
Webb v. City of Shreveport, supra at 319.
Thus, in recognizing the existence of the personnel exception based on the Louisiana right of privacy, Webb cogently first requires an analysis of whether a reasonable expectation of privacy exists with respect to the personnel matter. If that reasonable expectation is found, then it becomes necessary to balance the public records disclosure interest against the privacy interest. Of course, the Webb court *1159 did not reach the "balancing" inquiry because under the circumstances there existing, it failed to find a reasonable expectation of privacy.
The record, as well as common sense, clearly advises us that there is subjectively a reasonable expectation of privacy under the instant circumstances. It is reasonable to expect that almost every competent applicant for fire chief of the city of Shreveport will have a satisfactory job. There seems no question that as a general rule that applicant's security in his current position will be undermined if the fact that he seeks a position elsewhere is known to his current employer. As the defendants' experts verified, the pool of competent applicants will be significantly reduced if the potential applicants are aware that the application will be made public. Obviously, it is in the best interest of the city to have the largest possible pool of qualified applicants. Thus, we recognize that a reasonable expectation of privacy exists on behalf of the defendant with respect to the names of the applicants here at issue. There is a significant privacy interest in the record sought.

PRIVACY VERSUS DISCLOSURE
As we have previously indicated, however, this conclusion does not resolve the inquiry. It is now necessary to balance the privacy interest versus the public disclosure interest. In considering this question, we first note what we view as a significant distinction between the instant case and Trahan. While Trahan involved mid-level employees of a municipality, the instant applicants were seeking a job as the chief of a fire department in a substantial municipality. Expectations of privacy diminish the higher one progresses or aspires in the hierarchy of government. Thus, the employees in Trahan had a reasonable expectation of privacy in personnel evaluations reflecting their work performance.
Any expectation of privacy which the instant applicants may have had in their applications was not objectively reasonable under the circumstances. Shreveport's fire department, which includes an emergency medical service, has approximately 500 employees and an annual budget of approximately $15 million. Because the fire department is a public body supported by public funds and upon which the lives and safety of the public depends, the public has a vital and obvious interest in the background of all applicants, not just the candidate finally selected by the mayor. The public's scrutiny of the chosen candidate will lose all effect unless it has other candidates to which to compare the one chosen.
Thus, on balance, although concluding that a significant privacy interest is involved, we further conclude that because of the important nature of the position sought, the privacy interest of the city (and those seeking the position), must yield to the public's "right to know," as embodied in the public records legislation. Accordingly, we find that the district court correctly ordered the defendants to permit plaintiff access to all documents pertaining to the fire chief applicants which were in the possession of or had been received by the defendants.

ATTORNEY FEES
Plaintiff has answered defendants' appeal, asserting that the district court erred in not awarding attorney fees and in not assessing all costs to the defendants rather than dividing the costs equally. Defendants respond that the plaintiff did not receive all of the relief sought and that the district court therefore had the discretion not to make such an award. The district court failed to award attorney fees to the plaintiffs because it concluded that the defendants' denial of plaintiff's request was based upon the mayor's legitimate concerns as well as upon legal advice and was not unreasonable, arbitrary, or capricious. Additionally, the district court denied plaintiff access to those records in the possession of the professional recruiter which had not been turned over to the defendants.
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person *1160 prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof. LSA-R.S. 44:35. Where a plaintiff prevails only in part, having sought records which were clearly not involved in a public function, and defendant's resistance to disclosure was in good faith, the plaintiff is not entitled to attorney fees. Lewis v. Spurney, supra.
We agree with the district court that defendants' resistance to plaintiff's request was in good faith. Defendants had a legitimate concern for the privacy interests of the job applicants and could point to Trahan v. Larivee, supra, as support for their position. Although we find Trahan distinguishable, defendants were entitled to reasonably rely on that jurisprudential limitation on the Public Records Act until such time as subsequent opinions analyzed the parameters of that limitation.

CONCLUSION
The district court correctly concluded that the requested material constituted "public records" and that defendants were required to permit plaintiff access to it. The district court did not err in refusing to award attorney fees to the plaintiff and in dividing all costs between the plaintiff and the defendants. The district court judgment is accordingly affirmed. Costs of this appeal are assessed to the defendants insofar as it may be legal to do so.
AFFIRMED.
NOTES
[1] In addition to the plaintiff and defendants, this court has granted permission to the Louisiana Press Association and the Shreveport Society of Professional Journalists to file amicus curiae briefs regarding the issues on appeal.
[2] Neither plaintiff nor defendants complain about this aspect of the district court's judgment. Accordingly, we offer no opinion regarding the status of these documents.
[3] There are conflicting opinions regarding whether the right to privacy contained in Art. 1, § 5 applies in a situation such as this. See and compare Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 20 (1974), with Hargrave, Louisiana Constitutional Law, 44 La.L.Rev. 423, 434 (1983).