Dear Lt. Martin:
You have requested the opinion of this office concerning the following issues:
 (1) Are police department internal affairs files considered public records?
 (2) Does LSA-R.S. 40:2533 control over the provisions of the public records act concerning the expungement of certain records?
 (3) What are the time limitations, if any, concerning the preservation of these records?
In response to your first question, we direct your attention to the provisions of the Public Records Act, LSA-R.S. 44:1, et seq. This Act is reflective of a constitutional mandate establishing the right of the public to "examine public documents, except in cases established by law." LSA-Const. Art. XII, § 3. Public bodies are generally subject to the disclosure requirements of the Act, and a municipal police department is defined as a "public body" for purposes of the Act. LSA-R.S.44:1(A)(1).
Those documents which are defined as "public records" must be disclosed to the public upon appropriate request. The Act defines "public records" as:
 All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state. . . . LSA-R.S. 44:(A)(2).
The Public Records Act must be liberally interpreted so as to extend rather than restrict access to public records by the public. Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974). However, access to public records may be denied where there is a constitutional, statutory, or jurisprudential exemption from disclosure. Gannett River State Publishing v. Hussey, 557 So.2d 1154 (La.App. 2nd Cir. 1990).
The records of prosecutive, investigative, and law enforcement agencies are statutorily exempt from disclosure under certain circumstances. LSA-R.S. 44:3 states in pertinent part:
 A. Nothing in this Chapter shall be construed to require disclosure of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state, which records are:
* * *
 (3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information. . . .
This office is of the opinion that the record of a formal complaint against an officer is a public record as defined by the Act. It is further our opinion that these records do not fall within the classification of records containing "security information" which would exempt same from disclosure.
However, this office has previously observed that the provisions of the Act are not absolute and sovereign over all other statutes. See attached Attorney General Opinion Number 90-377. Jurisprudence cited therein reflects that certain records may be excepted from disclosure by other statutes, notwithstanding that the records enjoy no such privilege from disclosure under the specific provisions of the Act.
In this regard, note the provisions of LSA-R.S. 40:2532 exempt from disclosure certain personal information with respect to an investigation of a law enforcement officer. LSA-R.S. 40:2532
provides:
 No person, agency, or department shall release to the news media, press or any other public information agency, a law enforcement officer's home address, photograph, or any information that may be deemed otherwise confidential, without the express written consent of the law enforcement officer, with respect to an investigation of the law enforcement officer.
Thus, it appears considerable discretion is vested within the agency to determine what information must be deleted from the records prior to disclosure because it is "confidential" in nature and may not be disclosed absent the officer's consent. This determination invokes constitutional concerns regarding each individual's constitutional right to privacy, which if applicable, would protect certain information from disclosure. Louisiana Constitution Art. I, § 5 states, in part:
 Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable . . . invasions of privacy.
The jurisprudence reflects that the constitution prohibits only "unreasonable" invasions of privacy. This right of privacy is not absolute; it is qualified by the rights of others. This right is further qualified by society's right to be informed about legitimate subjects of public interest. Gannett, supra.
The court in Tooley v. Canal Motors, Inc., 296 So.2d 453
(La.App. 4th Cir. 1974) defined the right of privacy as follows:
 It has been defined as the right to be left alone and as the right to live one's life in seclusion without being subjected to unwarranted and undesired publicity . . . 296 So.2d at 457; (citations omitted).
Constitutional privacy concerns are examined by application of a two-pronged test. Initially, the citizen must have a reasonable expectation of privacy with respect to the information sought. If such reasonable expectation is found, then it becomes necessary to balance the public records disclosure interest against the privacy interest. Gannett, supra. If no reasonable expectation of privacy is found, the inquiry is at an end.
Further jurisprudence addressing the individual's right to privacy weighed against the public's right to know is also applicable herein. See Trahan v. Larivee, 365 So.2d 294
(La.Ct.App. 3rd Cir. 1979); writ den., 366 So.2d 564 (La. 1979); where the court held city employees' evaluations could not be disclosed because the individual's privacy interest outweighed any public interest in the disclosure; see also Marine Shale Processors, Inc. v. State Department of Health and Hospitals,572 So.2d 280 (La.App. 1st Cir. 1990), wherein the court recognized the individual's right of privacy guaranteed by the state constitution would prohibit disclosure of the identity of private citizens who participated in a public health study.
On this point, it is our opinion that generally, these records are public records, subject to disclosure. That information specifically exempted by LSA-R.S. 40:2532 should be deleted prior to the release of these records, absent the officer's written consent to the disclosure. It is our further opinion that it would be necessary to examine these records on a case-by-case basis in order to evaluate the legality of the disclosure of all such information contained therein, in light of the statutory and constitutional exemptions prohibiting the disclosure of certain "confidential" information.
In response to your second question, we again refer to Attorney General Opinion 90-377, wherein the author specifically addressed this issue. That author noted that under the authority of LSA-R.S. 40:2533, an officer may "have any record of a formal complaint made against him expunged from any file" if (1) the agency has exonerated the officer, or (2) the agency determines the charges are unfounded, or (3) seven years have passed since the finding by the agency. This office expressed in 90-377 that this statute allowing the expungement of these records supersedes the provisions of the Public Records Act, and we continue to adhere to this conclusion.
In response to your third inquiry, an officer may request immediate expungement of the records of the formal complaint where he has been exonerated by the agency of all charges or the agency has determined that the charges are unfounded. LSA-R.S.40:2533(C)(1) (2). In the event these exemptions are not applicable, these records must be maintained as public records for seven (7) years pursuant to LSA-R.S. 40:2533(C)(3), rather than the three (3) years fixed under LSA-R.S. 44:36 of the Public Records Act.
Finally, we suggest that a record memorializing the basis for the legal authority to invoke expungement under LSA-R.S.40:2533(C)(1) or (2) be preserved not within the personnel record of the officer, but as a separate record of the police department, to show compliance with LSA-R.S. 40:2533(C)(1) or (2). This letter "should state the general nature of the complaint, the date and nature of the alleged misconduct, and the finding of the agency either exonerating the officer or finding the complaint unsustained or unfounded." See Attorney General Opinion 90-377, page 3.
If we may be of further assistance in other matters, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0261E