Dear Dr. Falterman:
This office is in receipt of your request for an opinion of the Attorney General in regard to the applicability of the public records law to medical records of the coroner which include private medical reports, investigative notes, examination at the time of death, cause of death, and autopsy reports. You indicate you frequently receive requests from insurance companies, attorneys, and others for medical records concerning the death of an individual classified as a coroner's case. You state you feel the coroner's certificate of death is a public record, but that you should not have to release the medical examination and autopsy reports to anyone who requests them without permission from the next of kin under a right to privacy.
Accordingly, you ask, under the laws of privacy concerning medical records, whether you are required to get a next of kin signature before releasing the medical record information.
R.S. 44:1(A)(2) is pertinent to your inquiry wherein it provides as follows:
 All, books, records, writings, accounts, letters and letter books, maps, drawings photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records, except as otherwise provided in this Chapter or as otherwise specifically provided by law. (Emphasis added.)
This office has previously concluded under this statutory provision "all" writing prepared by the coroner for use in the conduct of any business which is performed under the authority of law would be subject to public inspection, unless records that are a part of a criminal investigation or death of a child under seven. It was noted this was especially true in light of the mandate that the Public Records Act must be liberally construed so as to enlarge rather than restrict access to public records by the public. Atty. Gen. Op. Nos. 94-19, 89-604, Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984).
Attention should be given to R.S. 33:1564 which mandates the coroner shall make every reasonable effort to notify the next of kin in all cases of deaths for which he has jurisdiction and he "may release to the news media or any family member the reported name, age, preliminary diagnosis, and status of death, whether unclassified or classified, pending final autopsy or investigation results concerning a death under investigation. However, nothing in this Section shall authorize the release of information set forth herein prior to notification of the next of kin to deceased unless no next of kin can be determined or, despite reasonable efforts by the coroner's office, no next of kin can be located." (Emphasis added.)
The jurisprudence has recognized that any exemption from the law relative to public records is in derogation of the public's right to know how government affairs are being conducted and must be narrowly interpreted. It has been concluded only "unreasonable" invasions of privacy that are prohibited. Gannett River States Pub. v. Hussey, 557 So.2d 1154 (La.App 1990).
Moreover, the right to privacy is a personal right and we feel that right ceases upon the death of the individual. While we do not find a case in regard to a deceased's relatives right to protect the deceased's privacy in medical records, we find Gugluizza v. KCMC, Inc., 606 So.2d 790 (La. 1992) analogous wherein the Louisiana Supreme Court found the relatives of the deceased did not have a cause of action against the defendant for defamation of the deceased, the court reasoning there was no intention to protect an individual's interest in preserving his memory of a deceased.
We must conclude after notification of next of kin and upon final autopsy or investigation the coroner's writings are public record.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR