|2LeBLANC, Judge.
This is an appeal by plaintiffs, Capital City Press, publisher of the Baton Rouge Morning Advocate and the Sunday Advocate (“the Advocate”), and Mike Dunne, from a judgment of the trial court denying plaintiffs access to the names and resumes of applicants for the position of Assistant Director Of Aviation of the Greater Baton Rouge Metropolitan Airport. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Following an announcement by the Director of Aviation of the Greater Baton Rouge Metropolitan Airport (“Metro Airport”) that he intended to retire from his position, the East Baton Rouge Parish Metropolitan Council (“Metro Council”) adopted a resolution directing the Metro Council’s chief administrative officer, Don Nijoka, to place a public notice in each major daily newspaper in the State of Louisiana advertising the positions of Director of Aviation and Assistant Director of Aviation.[1] The notices for the two positions ran in the major newspapers throughout the State on Sunday, March 26, 1995, and stated that resumes were to be submitted to the Metro Council by April 15, 1995. One hundred eighteen resumes were submitted for these positions.
By letter dated April 17, 1995, Mike Dunne, a reporter for the Advocate, requested access to the following records: (1) all documents related to those applying for the positions of Director of Aviation or Assistant Director of Aviation; and (2) any lists created by Nijoka or his staff listing the names, addresses and any other information concerning applications for the positions of Director of Aviation or Assistant Director of Aviation.
Following receipt of the request, Nijoka and several employees of both his office and the Parish Attorney’s Office attempted to _JjjContact the individual applicants to obtain permission to release their resumes to the press. By letter dated April 18, 1995, Assistant Parish Attorney Dawn Guillot informed Dunne that he would be provided access to all names and resumes of applicants for the positions of Director and Assistant Director who had granted permission for release of the documents. Dunne was denied access to the names and resumes of those applicants who refused to grant permission for release of the information, as well as those applicants whom they were unable to contact. Thus, Dunne was given access to 85 of the 118 resumes submitted.
On April 20, 1995, Dunne and Capital City Press, as publisher of the Advocate, filed suit against the Metro Council, the Metro Airport Authority, and Nijoka, seeking access to the names and resumes of the remaining applicants for the Director and Assistant Director positions, through injunction or writ of mandamus, pursuant to the Public Records Law, La.R.S. 44:1, et seq. Plaintiffs also sought attorney’s fees as provided in La.R.S. 44:35(D).
Following trial of the matter on April 28, 1995, the trial court rendered oral reasons for judgment. In balancing the competing interests of the public’s right of access to public documents and the individual’s right to privacy, the trial court concluded that the public’s right to know outweighed the privacy rights of the individual applicants who sought the Director of Aviation position. However, with regard to the applicants for the Assistant Director of Aviation position, the trial court concluded that the privacy rights of these individuals outweighed the public’s right to know.
In accordance with its reasons, the trial court rendered judgment, dated the same day, granting plaintiffs’ request for a writ of mandamus and ordering defendants to produce for inspection and/or copying a list of the names and resumes of all applicants for the position of Director of Aviation. The court denied Uplaintiffs’ application for injunction or writ of mandamus with regard to the applicants for the position of Assistant Director of Aviation. Plaintiffs’ request for attorney’s fees was also denied.
From this judgment, plaintiffs appeal, averring that the trial court erred in denying them access to the names and resumes of *796 applicants for Assistant Director of Aviation and in denying their request for attorney’s fees.[2]
PUBLIC RECORDS
Louisiana Constitution Article 12, Section 3 provides, in pertinent part, that “[n]o person shall be denied the right to ... examine public documents, except in cases established by law.” A person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. La.R.S. 44:31. Any person who has been denied the right to inspect or copy a public record may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages. La.R.S. 44:35(A); Dutton v. Guste, 395 So.2d 683, 684 (La.1981). Moreover, the burden is on the custodian, rather than the party seeking access, to sustain his action. La.R.S. 44:35(B); Dutton, 395 So.2d at 684.
A “public record” is defined in La. R.S. 44:1(A)(2) as follows:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, | ¡^duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are “public records,” except as otherwise provided in this Chapter or as otherwise specifically provided by law.
The Public Records Law covers virtually every kind of material or information which is recorded for some use in the performance of any public function. Webb v. City of Shreveport, 371 So.2d 316, 317 (La.App. 2nd Cir.), writ denied, 374 So.2d 657 (1979). Pursuant to the above definition, the documents sought by plaintiffs are public documents. See Gannett River States Publishing v. Hussey, 557 So.2d 1154, 1157 (La.App. 2nd Cir.), writ denied, 561 So.2d 103 (1990) (holding that records related to selection of fire chief, including applications and letters of recommendation, were public records). The documents which are the subject of this appeal constitute documentary materials used by the Metro Council in the performance of its duty of selecting a qualified individual to fill the position of Assistant Director of Aviation. Thus, the documents are public records subject to the Public Records Law.
RIGHT TO PRIVACY
Although the requested documents are public records, there is a competing constitutional interest involved herein, i.e., the right of privacy of the applicants for the Assistant Director position. Article I, Section 5 of the Louisiana Constitution provides that “[ejvery person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, *797 or invasions of privacy.” Thus, |6the determination of whether the documents should be subject to or exempt from disclosure involves competing constitutional interests of right of access to public records and the constitutionally protected right to privacy. See Gannett, 557 So.2d at 1157; see also, Webb, 371 So.2d at 318.
PRIVACY VERSUS DISCLOSURE
In balancing these competing constitutional interests, the trial court relied upon the test set forth by the Second Circuit in Gannett, 557 So.2d at 1158-59. In Gannett, the Second Circuit stated that in resolving a conflict between the individual’s right to privacy and the public’s right of access to public records, the first determination to be made is whether a reasonable expectation of privacy exists. If a reasonable expectation of privacy is found, then the court must balance the public records disclosure interest against the privacy interest. Gannett, 557 So.2d at 1158.
In Gannett, the court utilized a “sliding scale” recognizing with an increase in the degree of importance of the job applied for, the applicant’s privacy interest in disclosure of his application decreases. Appellants contend that the “sliding scale” standard of Gan-nett should not be followed by this court. Rather, appellants urge this court to adopt a strict rule of law that all applications for any public position are public records, subject only to selected purging of information of a highly sensitive, personal nature. In effect, appellants urge us to adopt a rule of law proclaiming that the individual’s right to privacy with regard to any application for public employment must always yield to the public’s right of access to public records, regardless of the nature, duties, and financial or policy-making responsibilities of the position. We believe that such a rule of law would be untenable.
Where constitutional rights are in conflict, the court must weigh the competing rights to determine which prevails, and this |7analysis, which is dependent upon the particular facts involved, must be made on a case-by-case basis. See Plaquemines Parish Commission Council v. Delta Development Company, Inc., 472 So.2d 560, 568 (La.1985). Contrary to the assertions of counsel, this court has previously recognized that the Gannett balancing test is the appropriate standard to apply in resolving these competing constitutional interests of an individual’s right to privacy and the public’s right of access to public records. See Hatfield v. Bush, 572 So.2d 588, 592 (La.App. 1st Cir.1990), writ denied, 576 So.2d 49 (1991). Thus, we find no error in the trial court’s reliance on the Gannett standard as the appropriate test to apply herein.
In applying the Gannett standard, we must first determine whether a reasonable expectation of privacy exists. In Gannett, a reporter for a newspaper sought disclosure of the names of individuals who had applied for the position of fire chief for the city of Shreveport. The court found, as a matter of common sense, a reasonable expectation of privacy by the applicants with respect to their names. Gannett, 557 So.2d at 1159.
Likewise, we too recognize the reasonable expectation of privacy by the applicants for the Assistant Director of Aviation position. These individuals, more likely than not, had a current position which might have been negatively impacted if the fact that he or she was seeking a position elsewhere was made known to their current employer. Moreover, as expressed in Gannett, the pool of competent applicants will be significantly reduced if the potential applicants are aware that their application will be made public. If the applicants know in advance that their resumes will be made public, many good people might not apply. This deprives the public of the opportunity to hire the best person. It is in the best interest of the Metro Council to have the largest possible pool of qualified applicants. See Gannett, 557 So.2d at 1159.
IsWe conclude that a significant, subjective expectation of privacy exists on behalf of the applicants for the position of Assistant Director of Aviation. We agree that generally an applicant’s security in his or her current employment may be undermined if the fact that the individual is seeking a position elsewhere is made public. Also, the pool of competent applicants could be significantly *798 reduced if the potential applicants are aware that the applications will be made public.
Because there is a significant privacy interest involved, a balancing of the competing constitutional interests of the public’s access to public records and the individual’s right to privacy is necessary to determine whether the public documents at issue should be exempt from disclosure. In balancing these competing interests, the trial court found that the position of Assistant Director was a subordinate position and, thus, that the privacy interest of applicants for that position outweighed the public’s right to know. We agree.
Expectations of privacy diminish the higher one progresses or aspires in the hierarchy of government. Gannett, 557 So.2d at 1159. The applicants for the position of Assistant Director of Aviation were not applying for the position of department head. The published job notice immediately following the notice for the Director’s position clearly distinguished the Assistant Director’s job as subordinate and of lesser responsibility. The job notice specifically omitted any reference to independent judgment or individual discretion. Although admittedly the Assistant Director of Aviation is a “significant office”, it does not involve such high level authority and policy making activities by the individual that his or her expectation of privacy is outweighed by the public's interest in access to applications for this position.
Therefore, on balance, we conclude the public’s right to know does not require a yielding of the individual applicant’s privacy | {¡interest. After carefully considering the record herein, we conclude that defendants established that the applicants’ privacy rights outweighed the public's right to access.
ATTORNEY’S FEES
Plaintiffs contend the trial court erred in denying its request for attorney’s fees, pursuant to La.R.S. 44:35(D).
The trial court declined to award plaintiffs attorney’s fees and costs because it found that defendants acted in good faith in denying the public records request. Plaintiffs submit that good faith is not a consideration under La.R.S. 44:35(D) and that they are entitled to attorney’s fees.
Revised Statute 44:35(D) provides as follows:
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney’s fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney’s fees or an appropriate portion thereof.
Because we have affirmed the portion of the trial court judgment denying plaintiffs access to the names and resumes of applicants for the Assistant Director position, plaintiffs have only prevailed in part and it was within the court’s discretion whether or not to award reasonable attorney’s fees. We find no abuse of discretion by the trial court.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be borne by plaintiffs/appellants.
AFFIRMED.
WHIPPLE, J., dissents and assigns reasons.
FOGG, J., dissents for reasons assigned by WHIPPLE, J.

. The Assistant Director of Aviation position was advertised in the event the current Assistant Director applied for and received the position of Director of Aviation.

. Plaintiffs assigned the following as error:
(1) The trial court erred in selecting the standard enunciated by the Second Circuit Court of Appeal in Gannett River States Publishing v. Hus-sey, 557 So.2d 1154 (La.App. 2nd Cir.), writ denied, 561 So.2d 103 (1990), as the proper standard to apply in resolving conflicts between constitutional interests of public access and privacy;
(2) the trial court erred in disregarding a judicial confession by the defendants, wherein they conceded that the positions of Director and Assistant Director of Aviation were substantially equivalent or comparable in authority and importance;
(3) alternatively, the trial court erred in its application of Gannett in ruling that the privacy interests of the applicants for the position of Assistant Director outweighed the public's right of access to public records; and
(4) the trial court erred in denying plaintiff's request for attorney's fees.
While we do not address each of these assignments of error individually, they are encompassed in the following discussion.