11WHIPPLpE, Justice,
dissenting.
While I agree with the majority that the test enunciated in Gannett River States Publishing v. Hussey, 557 So.2d 1154, 1157 (La.App. 2nd Cir.), writ denied, 561 So.2d 103 (La.1990), is the appropriate method for weighing these conflicting constitutional interests, in my view, the trial court improperly applies this test to conclude that the names and resumes of the applicants for the Assistant Director position should not be disclosed.
The Public Records Law must be liberally interpreted so as to extend rather than restrict access to public records by the public. Dutton v. Guste, 395 So.2d 683, 685 (La.1981). Furthermore, because the right of the public to have access to public records is a fundamental right guaranteed by article 12, *799 section 3 of the Louisiana Constitution, any doubt as to whether the public has the right of access to certain records must be resolved in favor of the public’s right to see. Title Research Corporation v. Rausch, 450 So.2d 933, 936 (La.1984).
Article 1, section 5 of the Louisiana Constitution prohibits only “unreasonable” invasions of privacy. The right of privacy is not absolute; it is qualified by the rights of others. It is also limited by society’s right to be informed about legitimate subjects of public interest. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 472 So.2d 560, 567-568 (La.1985). Moreover, expectations of privacy diminish the higher one progresses or aspires in the hierarchy of government. Gannett River States Publishing, 557 So.2d at 1159.
Applicants for the position of Assistant Director of Aviation were applying for a position which is second only to the Director’s position, in a public body with an annual budget of almost six million dollars. Moreover, in their answer to plaintiffs’ petition, defendants admitted that both the Director and Assistant Director positions are “important executive offices with broad supervisory and administrative authority over the operations of the [Metro Airport] and are public positions of significant importance.” I believe this admission constitutes a judicial confession. LSA-C.C. art. 1853; Crown Zellerbach Corporation v. Louisiana Workmen’s Compensation Second Injury Board, 481 So.2d 650, 652 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986).
Contrary to the contention by defendants on appeal that the job of Assistant Director involves simply implementing the policies of the Director, the job description for the Assistant Director position, as published in the job notice, listed duties involving significant responsibilities beyond merely implementing the policies of the Director. As set forth in the notice, the position includes the development and implementation of financial management policies and the preparation of budget proposals for a budget approximating nearly six million dollars. Moreover, the Assistant Director acts as Director in the Director’s absence. In my view, because of the significant responsibilities of this public position, any applicant’s right to privacy was substantially diminished when applying for the position of Assistant Director. Moreover, the public notices ^advertising these positions contain no statements indicating to any prospective applicants that resumes submitted for the positions would be held in confidence.
The public has a vital interest in the background of all applicants for this position. As stated by the Second Circuit, in evaluating hiring choices, “[t]he public’s scrutiny of the chosen candidate will lose all effect unless it has other candidates to which to compare the one chosen.” Gannett River States Publishing, 557 So.2d at 1159.
Thus, based on the record herein, I would conclude that defendants failed to establish that the applicants’ privacy rights outweighed the public’s right to access and that the trial court erred in holding otherwise. Accordingly, plaintiffs should be entitled to access to the remaining names and resumes of applicants for the Assistant Director of Aviation position.
Because I believe plaintiffs should have prevailed in obtaining all the information requested, I would further conclude that they are entitled to an award of costs and reasonable attorney’s fees under LSA-R.S. 44:35(D). See Association for Rights of Citizens, Inc. v. Parish of St. Bernard, 557 So.2d 714, 717 (La.App. 4th Cir.1990).
Accordingly, I respectfully dissent.