Dear Mr. Lundy:
You have requested the opinion of the Attorney General concerning certain public records requests which have recently been made upon Grambling State University, that request has been assigned to me for consideration and response. Your opinion request poses the following queries:
 1. Is the publisher of a weekly tabloid who for the past two years has used information about Grambling State University obtained under the Public Records Law and consistently published this information in a negative and disparaging manner considered an interested person under the law who is entitled to these records?
 2. Is it reasonable and within the law for a tabloid to make two to three lengthy requests per week, seeking lengthy and historical documents from the University?
 3. Must Grambling State University submit sensitive information to the publisher when that information has been obtained surreptitiously and would not have been ordinarily known to the publisher?
 4. Must Grambling State University divulge to the publisher, employee documents such as Personnel Action Forms when such documents contain information of a personal nature?
 5. May we refrain from responding to any requests until we receive your legal opinion?
Your questions concern the application and interpretation of LSA-R.S. 44:1 et seq., the Public Records Law, which was enacted to carry out the command of Article XII, Section 3, of the Louisiana Constitution of 1974; they will be addressed in the order presented above.
 I.
Question No. 1 requires this writer to address two issues regarding the public's right of access to public records, they are: 1-) who is entitled to make a public records request, and 2-) is there any limit as to the manner in which such public records may be used by the requester.
The first question is answered directly by LSA-R.S. 44:32, which states in pertinent part:
 A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who so applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register . . . (emphasis added)
From the text of the statute, it is clear that the intent of the Public Records Law is to grant any person the right to request access to any public record. Thus, as long as the tabloid publisher at issue in your opinion request is of the age of majority, he or she has the right to make a public records request within the parameters set by LSA-R.S. 44:32.
As you state in your opinion request, the information which has been requested from Grambling State University has been consistently published in a "negative and disparaging manner" against the University. Thus, the question becomes: What, if any, restrictions exist on how information obtained in a public records request may be used? This question is not simply answered by looking at the Public Records Law but, instead, raises concerns of a constitutional nature.
The First Amendment to the United States Constitution and Article 1, Section 7, of the Louisiana Constitution of 1974, prohibit the making of any law which would abridge the freedom of speech or of the press. These are rights of great significance in a democratic society such as ours and infringements upon them are very limited. The courts have, however, found instances in which certain speech may not be afforded First Amendment protection because it is harmful or of no value. For example, obscenity, "fighting words", fraudulent misrepresentations, and defamation have traditionally been afforded no protection under First Amendment analysis.
In the case at hand, you have suggested that the information which is produced by Grambling State University pursuant to public records request is being used in a manner which is "offensive, disrespectful, racist and demeaning to Grambling State University." Generally, this speech is protected by theFirst Amendment unless it rises to the level of being fraudulent, obscene or defamatory in nature. Though even if found to be defamatory or libelous, such speech may still be afforded some protection as mandated by the United States Supreme Court in the case New York Times v. Sullivan,376 U.S. 254 (1964).
In New York Times v. Sullivan, the Supreme Court concluded that the First Amendment protection for speech and the press place at least some limits on suits alleging defamation. Specifically, the Court held that in a suit by a public official, for an allegedly libelous article concerning the public agency that he supervised, the official had to show that the statements made about that agency in the New York Times were made with actual malice, i.e. that they were made with knowledge that they were false or with reckless disregard for whether they were false or not.
Applying the New York Times rationale to the instant case, only defamatory publications against Grambling State University, and/or its administration, which are published with reckless disregard for whether or not they are true may be considered as falling outside of the First Amendment's protective sphere. Thus, publishers may use information obtained from a public records request for articles which are critical of Grambling State University with full protection of the First Amendment unless such articles are false and are published with actual malice against the University.
 II.
Your second question concerns the number of public records requests, and the breadth of those requests, which is permissible under LSA-R.S. 44:1 et seq. As stated above, the Public Records Law gives any person the right to request access to any record. The Public Records Law contains no limitation on the number or size of the requests which may be made by a person. There is, however, a provision concerning the availability of records. LSA-R.S. 44:33 states, in pertinent part:
 A. (1) When a request is made for a public record to which the public is entitled, the official . . . who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
 (2) If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
 B. (1) If the public record applied for is immediately available, because of its not being in active use at the time of the application, the public record shall be immediately presented to the authorized person applying for it. If the public record applied for is not immediately available, because of its being in active use at the time of the application, the custodian shall promptly certify this in writing to the applicant, and in his certificate fix a day and hour within three days, exclusive of Saturdays, Sundays, and legal public holidays, for the exercise of the right granted by this Chapter.
From the language of LSA-R.S. 44:33(2), it would appear that if the segregation of requested records is unduly burdensome or expensive, the Grambling official who is the custodian of such records may state so in writing and provide the location of the requested documents. Further, if the requested documents are in use, the custodian may fix a day, within three days of the request, for the review of such documents.
Your opinion request provided some examples of letters received from the newspaper publisher in question asking for the production of certain documents and lists of information to be provided by Grambling. According to these letters, Grambling is being asked to compile voluminous amounts of data in the form of computer print outs, copies of documents, and lists of information in response to both very specific and very general subject matter areas relating to Grambling State University's operation. According to the Public Records Law, however, Grambling is not required to sort through all of its documents in order to compile lists of information which will then be sent to the requester. In response to a similar inquiry, this office has previously stated, ". . . if a broad request is received, the custodian may allow the examiner to look for the record if the custodian knows the record to be present in the records given for examination, and if such search for the record by the custodian would be so time consuming so as to interfere with the orderly conduct of his office." Attorney General Opinion No. 81-615.
Thus, what Grambling is required to do is to segregate the requested documents, subject to the limitations of LSA-R.S.44:33, and allow the requester to view such documents. The requester may then ask to make copies of such documents, and Grambling may charge for such copies, as provided for in LSA-R.S. 44:32. If the examination of these records would cause an unreasonable disruption of Grambling's normal business operation, a determination which is in the discretion of the custodian, the requester may be required to inspect these documents after hours. If this is the case, the provisions of LSA-R.S. 44:32A., concerning the payment of reasonable fees to the custodian's representative, should be followed.
 III.
Question No. 3 asks whether "sensitive information" must be released to a requester when he or she has obtained knowledge of the existence of such information in a surreptitious manner. Without further facts, it is difficult for this writer to address this question. However, assuming that the sensitive information referred to is within public documents (as defined by LSA-R.S. 44:1), access to this information must be given to any person making a public records request no matter how he or she became aware that such information exists.
 IV.
The next question you ask concerns what type of personal information within public personnel documents must be released for inspection by the custodian of such records. Specifically, you refer in your opinion request to information within Personnel Action Forms used by Grambling State University. The Personnel Action Forms referred to contain the following information: name, social security number, educational and training information, employment information (i.e. date of appointment, salary, and tenure), military service, retirement system membership.
Though what is considered to be a public document under LSA-R.S.44:1 is broadly defined, the Legislature has ordained that certain information be exempt from disclosure. For example, LSA-R.S. 44:11 provides that the home address of a public employee be exempt, where such employee has requested that the address be kept confidential. In addition to statutory exemptions within the Public Records Law, certain personal information may be protected from disclosure by the Louisiana Constitution of 1974, Article 1, Section 5.
Article 1, Section 5, protects individuals from unreasonable searches and seizures. This constitutional provision has been applied to limit the public's access to information where the individual has a "reasonable expectation of privacy" in the information sought to be obtained through a public records request. The privacy interest which is protected must be one in which the individual has exhibited an actual (subjective) expectation of privacy and, that expectation must be one which society is prepared to recognize as reasonable. 52 Louisiana Law Review 575 (1992), p. 585, citing Katz v. United States,389 U.S. 347, 361, 88 S.Ct. 507, 516 (1967). If a reasonable expectation of privacy is found then the public's right in obtaining the document must be weighed against the individual's interest in keeping the information private. Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2d Cir. 1979), writ den.374 So.2d 657.
Applying this balancing test the Louisiana First Circuit Court of Appeal has held that leave records of a parish district attorney's employees were subject to disclosure because public employees have no reasonable expectation of privacy that would preclude disclosure of their names or the dates and reasons for their absences. Hatfield v. Bush, 572 So.2d 588 (La.App. 1st Cir. 1991). Similarly, information pertaining to salaries paid to public employees should also be disclosed as these salaries are actually paid by the public and, therefore, the public has the right to know how its money is being spent. Attorney General Opinion No. 89-187; Attorney General Opinion No. 81-353.
In contrast, the court in Trahan v. Larivee, 365 So.2d 294
(La.App. 3d Cir. 1978), held that personnel evaluation forms containing performance ratings for certain city departmental directors were public records, however, their disclosure would constitute an unconstitutional invasion of privacy. The Trahan Court explained:
 We point out this process in some detail to show that the evaluation report is very personal and directly affects the employee. To publish or disclose such personal opinions may embarrass or humiliate the employee among his fellow employees, friends or family. It may affect his future employment. Humiliation or embarrassment could flow even though the rating would be "outstanding" as this rating may create envy or jealousy in other employees.
Trahan, 365 So.2d, at 300, citing Metropolitan v. Usery,426 F. Supp. 150 (D.C., D.C. 1976).
Clearly, the Personnel Action Forms used by Grambling are public documents, they are documents used by a public body in the performance of its business. As to the information contained on these forms, it is the opinion of this office that the disclosure of social security numbers would constitute an unwarranted invasion of privacy. See Attorney General Opinion No. 91-295. However, it is the opinion of this office that there exists no protectable privacy interest in general employee information as to education, salary, tenure, rank or title, and military service, therefore, such information is subject to disclosure. See Attorney General Opinion No. 82-648. Further, as to information regarding whether a public employee is a member of a certain public retirement system, this office continues to state that such information is subject to disclosure. See Attorney General Opinion, August 2, 1972. The custodian of the Personnel Action Forms should excise that information which is protected, i.e. the employee's social security number, before producing these public records for inspection. LSA-R.S. 44:32(B).
 V.
Lastly, you inquire as to whether your response to a public records request may be postponed while awaiting the opinion of this office. LSA-R.S. 44:32D. states:
 In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.
Pursuant to this provision, a written response must be made to the requester within three days of the receipt of the request as to the custodian's determination of whether or not a certain record must be released. This statutory provision is not suspended by the submission of an opinion request to this office.
Conclusion
It is the opinion of this office that the publisher of a weekly tabloid is protected by the First Amendment to the United States Constitution and the Louisiana Constitution of 1974, Article 1, Section 7, and may publish information obtained in a public records request in a manner critical of the public body, within certain limits. The size and scope of the publisher's request is only limited by LSA-R.S. 44:33, pertaining to availability of records, though with a broad request the requester may be required to inspect such records under certain limitations. Additionally, sensitive information within a public document, which is not exempt from the Public Records Law, must be released without regard for the manner in which the requester learned of its existence. The information contained within Grambling's Personnel Action Form is subject to a public records request with the exception of an employee's social security number. The social security number must be excised before these Forms are released to the requester. Finally, the custodian of a public record must respond to a person making a request, in writing, within three days from the time of such request with a determination as to whether or not he or she believes the relevant record to be subject to the Public Records Law.
I hope that this has sufficiently answered your inquiries. If you require further information, please feel free to call on this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb/1808o